# GERMAN MERCANTILE COMPANY v. JOHN METZ.

(130 N. W. 221.)

**Corporations — Note Given for Stock — Demurrer.**

Appellant brought suit on a promissory note. Respondent answered, alleging that the only consideration for the note was stock of appellant corporation; that he was not a subscriber to its capital stock; and that he had tendered back the shares, with notice of rescission, and demanded the return of the note. Appellant demurred to the answer as not stating a defense. *Held*, that in the light of the provisions of § 4198, Rev. Codes 1905, the demurrer should have been sustained.

Opinion filed February 8, 1911.

Appeal from the District Court of Stark county; *Crawford*, J. Reversed.

*Heffron & Baird*, for appellant.

A corporation can lawfully give credit to a purchaser of its stock. Mitchell v. Beckman, 64 Cal. 117, 28 Pac. 110; Hacker v. National Oil Ref. Co. 73 Pa. 97, 13 Mor. Min. Rep. 538; Vermont C. R. Co. v. Clayes, 21 Vt. 30; Illinois River R. Co. v. Zimmer, 20 Ill. 654; Goodrich v. Reynolds, 31 Ill. 490, 83 Am. Dec. 240; Pine River Bank v. Hodsdon, 46 N. H. 114; Selma & T. R. Co. v. Roundtree, 7 Ala. 670; Greenville & C. R. Co. v. Woodsides, 5 Rich. L. 145, 55 Am. Dec. 708; Little v. O'Brien, 9 Mass. 423; Leighty v. Susquehanna & W. Turnp. Co. 14 Serg. & R. 434; Centre & K. Turnp. Road Co. v. M'Conaby, 16 Serg. & R. 140; Boyd v. Peach Bottom R. Co. 90 Pa. 169.

The law having fixed a penalty, courts can impose no other. Wagner v. Olson, 3 N. D. 69, 54 N. W. 286; 19 Cyc. Law & Proc. pp. 23–26.

To enforce the note given for corporate stock is to protect stockholders and creditors. Pine River Bank v. Hodsdon, 46 N. H. 114.

*M. L. McBride*, for respondent.

SPALDING, J. This action was brought in justice court upon a promissory note for $100 bearing date November 22, 1907, due one year from that date, with interest, given by the respondent to the plaintiff. Plaintiff is a domestic corporation. On the trial the defendant appeared and answered, admitting the making, delivery, and nonpayment of the note, and further alleged that the consideration of the note was ten shares of stock of plaintiff's corporation; that defendant was not a subscriber to the capital stock of plaintiff; and that on December 7th, 1908, he had tendered said shares of stock to the plaintiff, together with a written notice of rescission, and the defendant then demanded that his note be returned to him.

Plaintiff demurred to the answer on the ground that it did not state facts sufficient to constitute a defense to its complaint. The justice of the peace overruled the demurrer. Plaintiff appealed to the district court on questions of law alone, and on April 13, 1909, that court entered an order sustaining the action of the justice court in overruling the demurrer. Plaintiff is in this court on appeal from the order of the court.

As we construe the answer, it was intended to show that the stock in question was not subscribed for at the time of or before the organization of the corporation, but that it was a purchase made from the corporation by the respondent subsequent to the organization being completed. The briefs of the parties discuss the power of a corporation, under the statute, to take notes for stock, and the rights of the parties in case a note is taken in payment for the issue of stock. We are unable to discover that any of these questions are involved on this appeal. The respondent did not answer, pleading that the stock was issued in excess of the amount authorized, but says that we must assume that the stock purchased was capital stock, which plaintiff had a right to issue, and that it was paid for by the note in question, and that the note was given for no other consideration and in no other way. The court, without pleadings before it which allege facts showing the unlawful issue of stock, or its unlawful sale, cannot assume that it was either unlawfully issued or unlawfully sold. We are therefore limited, in the consideration of this defense, to the provisions of the statute applicable to lawful sales of stock by a corporation after its organization. Sec. 4198, Rev. Codes 1905, reads: "Unless otherwise provided, a corporation

may purchase, hold, and transfer shares of its own stock from its sur- plus profits, or as provided in the article on assessments of stock, or by the unanimous consent in writing of all its stockholders, in such man- ner and for such price or consideration as the said stockholders may unanimously decide upon."

The answer contains nothing showing that the stock in question was. not acquired under the provisions of the above section. Nothing is dis- closed in the answer from which any proper inference can be drawn that the appellants' ownership of this stock, its sale and transfer, and the consideration received, were not all in exact accordance with law. To discuss any supposition that it was issued in excess of the author- ized capital, or in any illegal manner, would be not only idle, but im- proper, under the allegations of the answer.

The District Court erred, and its order overruling the demurrer is reversed.

All concur, except MORGAN, Ch. J., not participating.