R. A. JACKSON, as Assignee for the Benefit of the Creditors of the Cavalier County Farmers' Co-operative Mercantile Company, a Corporation, v. THORSTEN SABIE.

(161 N. W. 722.)

Corporate stock — ordinary contract — principles governing — regulations to contrary — absence of.

1. In the absence of regulations to the contrary, the principles governing the formation of an ordinary contract apply with full force to a contract of subscription to or for the purchase of corporate stock.

Capital stock — subscription to — operating corporation — offer to subscribe — or purchase stock — acceptance of offer — obligation — none arises until.

2. Where a person makes an offer to subscribe to, or purchase, capital stock in an existing operating corporation, he does not become a stockholder, or obligated to pay for the capital stock applied for, unless and until his proposition is accepted in terms or by acts from which an acceptance can be inferred.

Existing corporation — subscriber to capital stock — obligation to pay — none arises — until offer accepted — corresponding obligations — must exist.

3. There is no obligation on the part of a person who subscribes to stock in an existing corporation unless there is a corresponding obligation on the corporation. If both are not bound, neither is bound.

Opinion filed February 8, 1917.

From a judgment of the District Court of Cavalier County, *Kneeshaw*, J., defendant appeals.

Reversed.

*Grimson & Johnson*, for appellant.

"On a proceeding instituted for the purpose of charging a person with some liability imposed upon him by virtue of his being a member

36 N. D.—4.

of a corporation, the burden of proving the fact of membership is upon the party asserting it." 3 Enc. Ev. 616; Fouche v. Merchants Nat. Bank, 110 Ga. 827, 36 S. E. 256; Diven v. Lee, 36 N. Y. 302.

The prima facie presumption which accompanies the promissory note is overcome and destroyed when defendant submits proof the truth of which would avoid the note. ·Huber v. Chicago, M. & St. P. R. Co. 6 Dak. 392, 43 N. W. 819; Volkman v. Chicago, St. P. M. & O. R. Co. 5 Dak. 69, 37 N. W. 731.

When one subscribes or offers to subscribe to the capital stock of an existing corporation, there must be an acceptance of such offer, or no obligation arises. 10 Cyc. 381, 383; St. Paul, S. & T. F. R. Co. v. Robbins, 23 Minn. 439; Busey v. Hooper, 35 Md. 15, 6 Am. Rep. 350.

In this case there was no writing. Subscription implies writing one's name. 10 Cyc. 401; 3 Enc. Ev. 617, 618, 620.

When a party has evidence in his possession which has an important bearing on the case, and fails to produce it, the presumption is that such evidence would be unfavorable to the party if produced. 9 Enc. Ev. 959, 965.

To an offer of proof, the general objection that it is "incompetent, irrelevant, and immaterial" is wholly insufficient. Buchanan v. Minneapolis Threshing Mach. Co. 17 N. D. 343, 116 N. W. 335; Flora v. Mathwig, 19 N. D. 4, 121 N. W. 63; 3 Enc. Ev. 621.

It is settled law that accident and surprise may be predicated upon violated agreements, and misleading information furnished to the opposite party. 1 Spelling, New Tr. & App. Pr. § 196, p. 264; Blackburn v. Crowder, 110 Ind. 127, 10 N. E. 933.

*W. A. McIntyre,* for respondent.

The answer here, in order to state a defense, must have shown or contained allegations to the effect that the agent acted within his authority, and also that defendant rescinded his subscription agreement before the rights of creditors intervened. McIntyre v. E. Bement's Sons, 146 Mich. 74, 109 N. W. 46, 10 Ann. Cas. 143.

As a note or other written contract imports a consideration the same as a sealed instrument at common law, the burden of proof is on the party asserting want of consideration. South Dakota C. R. Co. v. Smith, 22 S. D. 210, 116 N. W. 1120.

A certificate of stock need not be tendered before suit is brought, and it is no defense to allege that the stockholder has never received the paper representative of his stock. The certificate is nothing more than the holder's evidence of his stock, and that is not what makes him a stockholder. Cook, Corp. 6th ed. § 192; Marson v. Deither, 49 Minn. 423, 52 N. W. 38; Astoria & S. Coast R. Co. v. Hill, 20 Or. 177, 25 Pac. 379; California Southern Hotel Co. v. Callender, 94 Cal. 120, 28 Am. St. Rep. 99, 29 Pac. 859; Columbia Electric Co. v. Dixon, 46 Minn. 463, 49 N. W. 244; Chandler v. Northern Cross R. Co. 18 Ill. 190.

Subscription rights in a proposed corporation need not be evidenced by written instruments in any particular form, but may be established by parol. Manchester Street R. Co. v. Williams, 71 N. H. 312, 52 Atl. 461; Somerset Nat. Bkg. Co. v. Adams, 24 Ky. L. Rep. 2083, 72 S. W. 1125; Walter v. Merced Academy Asso. 126 Cal. 582, 59 Pac. 136.

It is no defense to an action on subscription to the stock of a corporation, that the agent who obtained the signature represented to him that he would never be called upon to pay anything on the subscription. Marles Carved Moulding Co. v. Stulb, 215 Pa. 91, 64 Atl. 431.

Secret agreements to release a subscriber are void. Cook, Corp. § 191; Atwater v. Stromberg, 75 Minn. 277, 77 N. W. 963; Shuey v. Holmes, 22 Wash. 193, 60 Pac. 402; Wilson v. Hundley, 96 Va. 96, 70 Am. St. Rep. 837, 30 S. E. 492; Jackson F. & M. Ins. Co. v. Walle, 105 La. 89, 29 So. 503; Yonkers Gazette Co. v. Jones, 30 App. Div. 316, 51 N. Y. Supp. 973; Olmstead v. Vance & J. Co. 196 Ill. 236, 63 N. E. 634; Boney v. Williams, 55 N. J. Eq. 691, 38 Atl. 189.

A note given in payment of the subscription price of stock in a national bank may be enforced by the receiver, and it is no defense that the president had agreed that the stock might be returned and the note canceled. Atwater v. Stromberg, 75 Minn. 277, 77 N. W. 963; Mead v. Pettigrew, 11 S. D. 529, 78 N. W. 945; Farnsworth v. Robbins, 36 Minn. 369, 31 N. W. 349; Olmstead v. Vance & J. Co. 196 Ill. 236, 63 N. E. 634; McIntyre v. E. Bement's Sons, supra.

A subscription to the stock of a corporation cannot be rescinded where a corporation is defunct and has passed into insolvency before commencement of action to rescind. Deppen v. German American

Title Co. 24 Ky. L. Rep. 1110, 70 S. W. 868; Upton v. Englehart, 3 Dill. 499, Fed. Cas. No. 16,800; Ogilvie v. Knox Ins. Co. 22 How. 380, 16 L. ed. 349; Upton v. Tribilcock, 91 U. S. 45, 23 L. ed. 203.

The right to sue and recover on a note given on a stock subscription cannot be questioned. German Mercantile Co. v. Wanner, 25 N. D. 479, 52 L.R.A.(N.S.) 453, 142 N. W. 463.

Where defendant on the trial claims accident or surprise, his failure to ask for a continuance, and participation in the trial, waive all such matters. Josephson v. Sigfusson, 13 N. D. 312, 100 N. W. 703.

"Where notice of intention to move for a new trial states, as grounds for the motion, errors of law occurring at the trial, and that the decision is against the law, the only questions that can be considered are errors of law arising upon the trial." Gilman v. Carpenter, 22 S. D. 123, 115 N. W. 659.

Where "newly discovered evidence" is not assigned as a ground for new trial, it cannot be considered. Neale v. Depot R. Co. 94 Cal. 425, 29 Pac. 954; Packer v. Doray, 4 Cal. Unrep. 297, 34 Pac. 628; Grigsby v. Wolven, 20 S. D. 623, 108 N. W. 250.

But a motion based on this ground appeals to the discretion of the court, and its decision will not be disturbed unless abuse of discretion clearly appears. Grigsby v. Wolven, supra.

CHRISTIANSON, J. On June 20th, 1908, the defendant executed a note for $100, payable to the Cavalier County Farmers' Co-operative Mercantile Company on November 1st, 1910, and delivered such note to one Welo, the secretary of the Cavalier County Farmers' Co-operative Mercantile Company. Both Welo and the defendant testified in regard to the transaction, and, while they disagree as to what was said at the time, they agree that the only consideration defendant was to receive for such note was a share of capital stock in the Cavalier County Farmers' Co-operative Company.

The defendant testified in part: "We had quite a lengthy conversation about the giving of this note; were speaking of it quite a while in there; Mr. Welo got me in there and we was speaking of it quite a while in there; we was speaking about this note, and he wanted me to go in there and speak to him in there, and we was speaking back and forth, and I said I didn't want a share in there, in that company, be-

cause I did not have the money; that was a fact; then he said: *'That is all right, and you take a share here and we will give you the money and we will take your note.'* . . . He said he would take my note for the money, in place of the money, instead of the money. He did not at that time issue me a share of stock nor hand me a written receipt for a share of stock in the company, and he did not give me a written receipt for the note; nor did he give me any writing to show what I was to get for the note, if anything; I was not owing the corporation anything when that note was given."

Defendant also made the following offer of proof: "Defendant at this time offers to prove by Mr. Sabie, now on the stand, that, sometime before the note in question was payable, he spoke to the manager, Mr. Welo, and asked Welo to give defendant back the note in question, which Welo then said he would do, but could not give it back just then as the safe was locked, and the note was in the safe, but told defendant he would get it another time." The offer was rejected, and defendant denied permission to offer evidence tending to establish the matters therein referred to.

It is undisputed that the Cavalier County Farmers' Co-operative Company was a going concern at the time of the execution and delivery of the said promissory note involved herein, and had been so for a considerable length of time prior thereto, and that such corporation remained a going concern until July, 1910, or more than two years after the execution of the note. In July, 1910, however, the corporation executed a trust deed and thereby assigned its assets to plaintiff as trustee for the benefit of its creditors, and plaintiff claims that the note involved in this action came into his hands as part of the assets of said corporation under said trust deed.

It was stipulated as a fact upon the trial "that no stock was ever issued to Mr. Sabie, or offered to him." And the undisputed evidence shows that the defendant at no time received any notice of acceptance of his offer to purchase stock, nor did he ever receive any notice of meetings of stockholders, or any notice whatever relative to the affairs of the corporation, nor was he in any manner whatsoever treated or recognized as a stockholder by the corporation or any of its officers.

The books of the corporation were not offered in evidence, although the defendant demanded their production, and there was no evidence

whatever tending to show that the plaintiff was a stockholder, except the mere fact that he executed the promissory note sued upon. The defendant testified positively that there was no written agreement, but that the agreement to purchase rested in parol only. Welo, the secretary of the corporation, who received the note, testified, however, that there was a written agreement or subscription, but such subscription was not produced or offered in evidence, or its absence accounted for and secondary evidence of its contents offered. Hence, it is of no consequence in the consideration of this cause.

The court directed a verdict against the defendant, and he appeals from the judgment and the order denying his motion for a new trial.

Defendant has assigned numerous errors, but we find it necessary to consider only one; viz., the error assigned upon the direction of a verdict in plaintiff's favor. Did all the evidence in the case prove that the defendant was a stockholder in the Cavalier County Farmers' Co-operative Mercantile Company to such a degree of certainty that upon a fair consideration thereof reasonable men could draw only the conclusion that he was such stockholder? If so, the verdict was properly directed. If the evidence failed to show this, or if it was a question upon which reasonable men in the exercise of their reason might arrive at different conclusions, it was error to direct a verdict.

Under the laws of this state, a stockholder is one who owns capital stock in a corporation (Comp. Laws 1913, § 4515); and "all corporations for profit must issue certificates of stock when fully paid up, . . . . such shares of stock are personal property, and may be transferred by indorsement . . . and delivery of the certificate." Comp. Laws 1913, § 4527. And the note or obligation of a stockholder may not be accepted in payment of stock in the corporation (Comp. Laws 1913, § 4529), unless it is stock which the corporation has purchased from its surplus profits, under the provisions of § 4531, Compiled Laws 1913, and holds among its assets the same as other property. See German Mercantile Co. v. Metz, 21 N. D. 230, 130 N. W. 221.

It is well to remember that we are not dealing here with a subscription to stock in a corporation to be thereafter formed, where the rights of other subscribers are involved (see Thomp. Corp. 2d ed. § 514); but, we are dealing with a case wherein a person, at the solicitation of an officer of an existing operating corporation, makes an offer to

purchase, or agrees to purchase, stock in such corporation, and executes and delivers a promissory note to such officer as payment for the stock. And, under the evidence in this case, it must be presumed that the stock referred to by Welo consisted of stock which the corporation had purchased from its surplus profits, and held in its treasury. See German Mercantile Co. v. Metz, supra. Such stock is, under the express provisions of the laws of this state, personal property, and consequently an offer or agreement to purchase the same stands upon the same basis as any offer to or agreement for the purchase of other personal property. See Barnard v. Tidrick, 35 S. D. 403, 152 N. W. 690; Marson v. Deither, 49 Minn. 423, 52 N. W. 38; Thomp. Corp. 2d ed. § 3788.

But it is immaterial whether the stock which defendant offered to purchase was stock theretofore issued and repurchased by the corporation and held in its treasury, or was part of its potential or authorized capital stock not theretofore issued. In any event the evidence tends to show that defendant offered to purchase from an existing operating corporation, a share of stock, and the undisputed evidence shows that the defendant was to receive as the only consideration for the promissory note sued upon in this action capital stock in said corporation. The plaintiff in this case seeks to recover on the strength of the title of the corporation; and its title and right depended upon its contractual relations with the defendant. The mere act of subscribing did not necessarily constitute the defendant a stockholder. Thomp. Corp. 2d ed. § 560. In the absence of regulations to the contrary, the principles which govern the formation of an ordinary contract apply with full force to a contract of subscription to corporate stock. Helliwell, Stock & Stockholders, § 49. And "as in the case of a proposition for any other contract, there is no contract until the proposition has been accepted." 10 Cyc. 384.

For "the American doctrine seems to be that the subscription must be accepted in terms, or else that it must be acted upon, which conduct is tantamount to an acceptance, and this within a reasonable time." For although "no particular form of acceptance is essential in order to constitute this proposition to become a shareholder a binding contract . . . there must be some unequivocal act on the part of the agents having authority to accept the offer, so that there can be no

doubt as to the obligation of the corporation as well as of the sub-
scriber." 1 Morawetz, Priv. Corp. 2d ed. § 48; 10 Cyc. 384.

And, while it is true, as plaintiff contends, that a certificate of stock
need not ordinarily be tendered as a condition precedent to the mainte-
nance of a suit upon a stock subscription, it by no means follows that
a person who offers to purchase, or who subscribes for, stock in a corpo-
ration thereby becomes liable for the payment of stock. The question
in such suit generally resolves itself into an inquiry as to whether the
party sought to be held has actually become the owner of stock in the
corporation. If he has, then the mere fact that a stock certificate has
not been issued is of no consequence, as the certificate is merely the
paper representative or evidence of his stock, and the mere issuance
and delivery thereof are not the acts which confer upon the owner his
rights in the corporation, but such certificate is merely evidence of his
ownership of stock. A stockholder is one who owns stock. Such
ownership carries with it not only the liabilities, but also the rights and
privileges, incident thereto; i. e., the owner of such stock acquires an
interest in the franchises and business of the company, and also be-
comes subject to all the liabilities of a stockholder, including the obli-
gation to pay for the stock so held. But the obligation to pay for the
stock exists only in case it is also binding upon the corporation. If
the obligation is not mutual and equally binding upon the corporation,
the promise to pay is not supported by a sufficient consideration. The
criterion of liability is whether any act has been done by which the
corporation is compelled to recognize the promisor as a stockholder.
If the corporation is not bound by what took place to recognize a
person as a stockholder, neither is he bound to pay for stock.

"On the plainest principles of law, and as a general rule, a sub-
scription to the capital stock of a corporation is not binding unless there
is a consideration. It is equally essential that there be mutuality of
obligations, and that both parties be bound by the instrument or con-
tract. 'The obligations of one can only be sustained by the correspond-
ing obligation of the other. If both are not bound, neither is bound,
and the transaction is a nullity.' " 1 Thomp. Corp. § 570.

In the case at bar, it is conceded that no certificate was ever issued·
to Sabie or delivered to him. It is undisputed that the corporation
remained a going concern for more than two years after defendant·

executed and delivered the note involved herein, and the evidence adduced by the defendant was to the effect that during all this time he received no notice of meetings of stockholders, nor did the corporation or its officers in any manner recognize or treat him as a stockholder. We are agreed that, under the facts and circumstances thus established, defendant made a prima facie showing that he never became a stockholder, and, consequently, he overcame the presumption that the note was executed and delivered for a consideration, and the burden was shifted to the plaintiff to show that the defendant became a stockholder and received the consideration agreed upon. The trial court therefore erred in directing a verdict in favor of the plaintiff. The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

On Petition for Rehearing. (Filed March 15, 1917.)

CHRISTIANSON, J. The plaintiff has filed a petition for a rehearing wherein he asserts that the issue in the case is not whether there was any consideration for the note in suit (as discussed in the former opinion), but "that the only issue in the case is as to whether or not there was a failure of consideration."

In support of this contention plaintiff refers to certain statements in the answer, which he contends are, in effect, an admission on the part of the defendant that he became a stockholder in the company. The answer contained three defenses. Want of consideration and failure of consideration were both asserted as defenses. The statements relied upon by the plaintiff are:

1. Certain language in paragraph 3 of the first defense to the effect that defendant on or about April 11, 1908, signed his name to an offer in writing whereby he offered said company to subscribe for $100 worth of its capital stock at par; and

2. Certain language in paragraph 5 of the same defense to the effect that on or about June 20, 1908, payment was demanded by the company, and that defendant, being unable to pay, was induced by Welo to execute and deliver the note in suit.

Plaintiff, however, wholly ignores paragraph 4 of the first defense in the answer (found between the two statements relied upon by

plaintiff)', which reads as follows: "That the said Cavalier County Farmers' Co-operative Mercantile Company did not accept, and never has accepted, the defendant's said offer in the last paragraph alleged, to subscribe for said stock, and never has issued or delivered any stock to the defendant, and that this defendant never has become, nor is he now, a stockholder in the said Cavalier County Farmers Co-operative Mercantile Company." The language quoted is too plain to admit of doubt. It clearly negatives any intent on the part of the defendant to admit that he became a stockholder in the company.

It may also be mentioned that the answer was not verified; and that upon the trial the defendant positively denied that he signed any written offer to subscribe for stock, and we are unable to find that the alleged admissions in the answer were invoked against him. And the record shows that the plaintiff placed upon the stand Welo, the person with whom defendant's negotiations were had, for the purpose of controverting defendant's testimony on this point. The theory adopted in the court below, therefore, seems to have been contrary to that for which plaintiff now contends.

It is true defendant in his answer alleged, and upon the trial offered evidence to show, that at the time he executed and delivered the note to Welo, certain promises were made to him by Welo to the effect that he might, within a certain specified time, upon demand, have his note returned. Plaintiff contends that these promises were void as against creditors of the corporation, and cannot be asserted after the corporation has become insolvent. This contention is predicated upon the assumption that defendant became a stockholder. In our opinion defendant made a prima facie showing that he never became a stockholder, and consequently it is not necessary to consider the question respecting the validity of such oral promises.

Plaintiff also asserts that in our former opinion we were in error in stating that "the undisputed evidence shows that the defendant at no time received any notice of acceptance of his offer to purchase stock." A careful examination of the record discloses that there is no positive statement to this effect. But there is a stipulation entered into upon the trial stipulating it to be a fact that no stock was issued to Sabie or offered to him. The defendant testified as follows: "I never received any notice to participate in any of the meetings of the stockholders in that concern."

A careful consideration of the evidence as a whole leads us to the same conclusion announced in our former opinion: That the defendant made a prima facie showing that he never became a stockholder in the company, and consequently he overcame the presumption that the note was executed and delivered for a consideration.

While not very material upon this appeal, it may be mentioned that the affidavits submitted in support of the motion for a new trial show that the by-laws of the company in force at the time involved in this action provide as follows: "Any person not a competitor in any line of business carried on by this organization may become a member of this organization by applying for such membership to the president or secretary thereof, who shall decide upon all applications for stock in the corporation, in accordance with the constitution and by-laws thereof and with such rules and regulations as the board of directors may adopt. If they cannot agree, they shall call in one of the directors, and the majority shall decide. Providing that the final approval is left to the next directors' meeting."

"No certificate of shares shall be issued to any person until the full amount thereof shall have been paid in cash or its equivalent. No person shall be allowed to become a shareholder in said corporation except by consent of the board of directors of the same." These by-laws rather lend force to the claim of the defendant that he never became a stockholder, and more fully confirm our belief that the judgment should be reversed, and a new trial had. We adhere to our former opinion. A rehearing is denied.