L. R. BAIRD, as Receiver of the First Farmers Bank of Minot, North Dakota, a Corporation, Appellant, v. TORGER KILENE, Respondent.

(205 N. W. 681.)

**Corporations — note by prospective stockholder cannot be considered as payment of any part of capital stock.**

1. Under § 138 of the state Constitution and § 4529, Comp. Laws, 1913, a promissory note, given by a prospective stockholder, cannot be considered as payment of any part of the capital stock.

**Corporations — delivery or tender of stock certificate held condition precedent to right of corporation to maintain action for price of stock, unless offer or contract otherwise provides.**

2. When an application is made to become a stockholder in a corporation which has been organized and is functioning, a delivery or tender of the certificate is a condition precedent to the right of the corporation to maintain an action for the price, unless the offer or contract otherwise provides.

**Corporations — offer to become stockholder in proposed corporation, containing stipulation that note shall be accepted in payment of stock, must be rejected as made.**

3. Where an offer to become a stockholder in a corporation in process of

---

Note.—(1) Promissory note as payment for capital stock, see 7 R. C. L. 245; 2 R. C. L. Supp. 325.

(3) Validity of issuance of stock for a note of the subscriber under a provision against issuing stock except for money, labor done, or money or property actually received, see annotation in 52 L.R.A.(N.S.) 454.

Generally as to the effect upon the validity of subscription to corporate stock, of failure to comply with the statutory requirement of payment at time of subscribing, see annotation in 6 A.L.R. 1116.

organization contains a stipulation that there shall be accepted a promissory note in payment of the stock, such offer must be rejected as made: the corporation cannot lawfully accept it, and no binding obligation on the part of the applicant to perform arises, the corporation having no right to modify the offer without the consent of the prospective stockholder.

Opinion filed October 22, 1925.

Corporations, 14 C. J. § 600 p. 439 n. 46; § 762 p. 510 n. 67; § 771 p. 515 n. 92; § 793 p. 529 n. 51; § 824 p. 550 n. 51; § 826 p. 551 n. 56.

Appeal from the District Court of Ward County, *Buttz, J.*

Affirmed.

*B. H. Bradford,* for appellant.

No corporation shall issue the stock or bonds except for labor, money, or property actually received. Const. § 138.

No corporation shall issue stock or bonds except for money, labor done, or property estimated as its true money-value actually received by it. Comp. Laws, 1913, § 4528.

Other provisions of the statute provide for the issuance of stock before it is fully paid for, and contain provisions relating to its forfeiture for nonpayment, and for making assessments and fixing the liability of officers who fail to observe such provisions. These are not material in the present controversy except that they show that the legislature did not contemplate that stock must be actually paid for in full before issuance or before one may become a stockholder. German Merc. Co. v. Wanner, 25 N. D. 479, 142 N. W. 463.

A subscription or application for membership, in order to become a binding contract between the Savings Loan and Trust Company and the defendant, must necessarily have been accepted by the corporation. Jackson v. Sabie, 161 N. W. 722.

*Campbell & Funke,* for respondent.

There is a manifest distinction between a stockholder and a mere subscriber for stock. 7 R. C. L. 298.

In the case of a subscription to stock in an existing corporation, until the subscription is accepted the subscriber is not a stockholder. 7 R. C. L. 298.

If a contract under which a subscriber to stock of a corporation claims the stock, is illegal, he cannot compel the issuance of the stock certificate. 14 C. J. 482.

Agreement to issue stock contrary to the statutory inhibition cannot be enforced either by the corporation or the subscriber. 14 C. J. 448.

Refusal or inability to issue stock subscribed for, constitutes a failure of consideration. 14 C. J. 528.

"The giving of a promissory note for the amount required to pay for stock is not a payment . . . and where such a payment is attempted the subscription is void . . . and the note itself is void for want of consideration." 14 C. J. 549, § 818.

JOHNSON, J. Plaintiff, as receiver of the First Farmers State Bank of Minot, brought suit upon a promissory note executed by the defendant to the Savings Loan and Trust Company, hereinafter referred to as the company, and by it sold and transferred to the bank. The defense mainly relied on is failure of consideration, it being asserted that the capital stock for the purchase price of which the note was given, was never, in fact, delivered to the defendant by the company, and that no stock certificate was issued to him.

The case was tried to a jury, but a motion for a directed verdict having been made by the parties at the conclusion of the trial, both sides stipulated that the issues be decided by the court. Findings of fact and conclusions of law were made in favor of the defendant. The court found that the note was executed in consideration of a promise to deliver to the maker a number of shares of stock in the company; that the stock was never delivered "and that the said defendant never received any portion of the consideration for said note." It was also found that the defendant was never notified of the acceptance by the company of his application for stock; that he was not accorded any of the rights and privileges of a stockholder; and that the endorser of the note had full knowledge of all these facts at the time of the transfer of the instrument. A judgment was accordingly entered for defendant.

Plaintiff contends that the note was in no sense a payment for the stock for which the maker subscribed; that it could not be so treated under certain constitutional and statutory provisions, and that any

agreement to that effect would be invalid. His position on the point is sound. German Mercantile Co. v. Wanner, 25 N. D. 479, 52 L.R.A. (N.S.) 453, 142 N. W. 463. Comp. Laws, 1913, § 4529, reads:

"No note or obligation given by a stockholder whether secured by pledge or otherwise, shall be considered as payment of any part of the capital stock; but the capital stock shall be paid in, either in cash, or in the manner provided in this article."

Plaintiff further contends that the note is enforceable as a subscription to capital stock and that no stock certificate could have been lawfully issued until the note was paid. Sections 4525 and 4526 and 4527 it is urged, may not be construed to authorize the issuance of stock until it is fully paid; § 138 of the Constitution and §§ 4528 and 4529, supra, are likewise cited to the same purpose. This court has expressed itself contrary to plaintiff's contention. German Mercantile Co. v. Wanner, supra. It was there said that the governing statutes clearly contemplate that corporations may, in some circumstances, issue stock before it is fully paid for, that a note is property and, therefore, not within the prohibition of § 138 of the state Constitution. We see no reason for re-examining this question at this time as we do not deem that issue to be presented or involved.

The evidence supports the findings of the trial court with respect to the failure of the corporation to issue or deliver stock to the defendant or to give a notice of corporate meetings.

It fairly appears from the record that the company had been organized and was functioning as a corporation when the note in suit and the application for membership were executed by the defendant. The application purports, upon its face, to be an offer from defendant to become a member of the company, accompanied by a note in the amount of the face value of the stock which he desired to purchase. In the application he offered to pay for the stock by a "note for $750, due January 1, 1918." The defendant on cross-examination testified: "You were not to receive the stock until you paid the note, were you?" A. "Yes." A fair inference from the testimony is that the note was not to be paid unless and until the stock was issued and delivered. In view of the fact, which we think clearly appears, that the proposition of the defendant was to purchase stock in a corporation which had

already been organized, as distinguished from a contract of subscription, in the true sense of that term, the offer stands on the same footing as the sale of any other property, "and delivery or tender of the certificate is a condition precedent to the right of the corporation to maintain an action for the price, unless the contract otherwise provides." 14 C. J. 551. Here the offer contemplated that the certificate be issued before the note was paid.

Exhibit 3, the application for membership, recites that the defendant subscribes "for five shares of common stock at $150, per share. . . . I agree to pay for said shares in the following manner: . . . note for $750 due January 1, 1918." Upon its face, the subscription, or offer of the defendant to become a stockholder, contains also a stipulation that his note be accepted in payment of the capital stock. This, as has been pointed out, and as plaintiff insists, the corporation could not do, under the statute. Comp. Laws, 1913, § 4529. Hence the plaintiff seeks to enforce payment on the theory that the note was the promissory part of a subscription to capital stock—an offer to purchase stock and to become a stockholder in the corporation. The offer itself does not warrant such a construction. If the proposition was unlawful, as contended, as a subscription to the capital stock of a corporation in process of organization, it should have been rejected as made; the company had no right to modify it, in order to suit its own notion of what was lawful, without defendant's consent, and then pretend to accept it as thus modified. One does not become a stockholder until an offer to become such is accepted. Jackson v. Sabie, 36 N. D. 49, 161 N. W. 722.

If the transaction be treated as an offer to purchase stock after the corporation had been organized, delivery was a condition precedent to liability to pay the note in suit, and the payee therein, or any transferee with knowledge of the facts, could not recover thereon; and if it be considered as an ordinary subscription to capital stock, the offer or subscription was made on a condition with which the corporation could not lawfully comply—that the note be accepted in payments of the stock—and there can be no recovery. There was and could be no acceptance of defendant's offer to become a stockholder, and, conse-

quently, there never arose any binding obligation on his part to perform.

The judgment of the trial court is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and BIRDZELL, JJ., concur.