William M. Furlong, Respondent, *v.* James Johnston, Appellant.

**Bills, notes and checks — stock corporations — subscription for stock — when negotiable instrument for more than ten per cent of subscription enforcible by third party who purchased it whereby the corporation received in cash more than ten per cent.**

Defendant gave a promissory note to a corporation for stock to be issued, and the corporation sold it for a valuable consideration to plaintiff. Defendant claimed that the fact that the note was in payment for stock to be issued necessarily rendered it unenforcible because the transaction contravened the provisions of the statute that "every subscriber shall pay in cash ten per centum upon the amount subscribed by him and no subscription shall be received without such payment." and that "no corporation shall issue either shares of stock or bonds, except for money, labor done or property actually received for the use and lawful purposes of the corporation" (Stock Corp. Law [Cons. Laws, ch. 59], §§ 67 and 69). Although the note in its inception might not have been enforcible by the corporation itself, yet the corporation sold the note, on which defendant paid interest when due, thereby recognizing the obligation. The corporation was unsuccessful and the defendant gained no benefit from his subscription but he never denied liability on the subscription agreement or the note until the corporation had gone into bankruptcy and in the meantime the corporation had been enabled to receive from defendant by the sale of the note to plaintiff more than ten per cent of defendant's subscription. Under the circumstances the note was enforcible even in the hands of one who took it with knowledge of the purpose for which it was given. The spirit, if not the letter, of the statute is satisfied when a subscriber has given the corporation a negotiable instrument which the corporation has sold for ten per cent or more of the amount subscribed.

*Furlong* v. *Johnston,* 209 App. Div. 198, affirmed.

(Argued October 17, 1924; decided November 25, 1924.)

Appeal from a judgment, entered June 17, 1924, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment

in favor of defendant entered upon a verdict and directing judgment in favor of plaintiff.

*George P. Decker* for appellant. The note was a piece of paper not yet obligatory as between the original parties because intrusted to the company conditionally on delivery of the consideration contemplated, and was void at common law and was void in plaintiff's hands because he took with full notice of non-delivery of the stock. (*Eastman* v. *Shaw*, 65 N. Y. 522.) The note was void because taken by the transport lines as an incident of a contract made in violation of section 55 of the Stock Corporation Law, and plaintiff had notice of the fact. (*Matter of Waterloo Organ Co.*, 134 Fed. Rep. 341.)

*Edwin C. Redfern* for respondent. The note was valid at all times. (*O., C. & R. Ry. Co.* v. *Wooley*, 40 N. Y. 118; *Hapegood* v. *Lusch*, 107 N. Y. Supp. 332; *Hartley* v. *Pioneer Iron Works*, 181 N. Y. 83; *S. C. Savings Bank* v. *King*, 44 N. Y. 87; *Kling* v. *Fobis*, 176 App. Div. 947; *Beach* v. *Smith*, 30 N. Y. 116; *B., R. & U. R. R. Co.* v. *Clark*, 25 N. Y. 208.) The defendant is estopped from setting up this defense and has ratified and confirmed the whole transaction. (*David* v. *Harvey Steel Co.*, 6 App. Div. 166; *Rothschild* v. *Guaranty Trust Co.*, 204 N. Y. 458; *Weaver Hardware Co.* v. *Solomovitz*, 235 N. Y. 329; *Davis* v. *Gifford*, 169 N. Y. 482; *Jeffreys* v. *Selyn*, 220 N. Y. 77; *Beals* v. *Buffalo E. M. Co.*, 49 App. Div. 589; *Nat. Bank* v. *Martin*, 235 N. Y. 611.)

LEHMAN, J. The defendant signed a promissory note bearing date April 15th, 1918, for the sum of $1,000 payable to the order of the Empire State Motor Transport Lines, Inc., six months after date with interest. The note was indorsed before maturity to the order of the plaintiff who paid the corporation $900 for it. It appears undisputed that both the plaintiff and the defendant were actively interested in the Empire State Motor

Transport Lines, Inc., and were stockholders or sub-
scribers to its capital stock.   About April 15th the defend-
ant agreed to take forty shares of this stock and gave
the corporation a note payable six months thereafter
for the sum of $2,000, the agreed price of the shares of
stock.   At the request of the corporation and for its
convenience the defendant, a little later, substituted for
the note for $2,000 two notes bearing the same date for
the sum of $1,000 each, of which the note in suit is one.

The record is not clear as to whether at the time the
original note was given the defendant agreed to purchase
stock which had been previously issued and returned to
the corporate treasury, or whether he was subscribing
for new stock.   If the note was given in connection with
a purchase of corporate stock previously issued, then the
note, from the time it was signed, was free from any
infirmity, and was enforcible even in the hands of the
original payee; if it was given in connection with a
subscription for new stock, then the defendant and the
corporation have failed to comply with the provisions of
sections 67 and 69 of the Stock Corporation Law [Cons.
Laws, ch. 59] (formerly sections 53 and 55), governing sub-
scriptions to stock, and the consideration for its issue; and
the note at its inception had infirmities which would at
least in some circumstances render it unenforcible.   Upon
the trial it was assumed that the note was given in connec-
tion with a subscription for new stock, and the trial judge
charged the jury that the note was unenforcible if the
plaintiff had notice that it was given in payment of a
sudscription for shares of stock to be issued  thereafter.
Upon sufficient evidence the jury found that the plaintiff
nad such notice, and a verdict for the defendant followed.
Upon appeal the judgment was reversed and judgment
directed in favor of the plaintiff, though the court again
assumed that the note was given in connection with· a
subscription for new stock.   In reviewing that judgment
we shall proceed upon the same assumption.

Upon this assumption, the original transaction between the corporation and the defendant contravened the explicit command of the statute that " every subscriber shall pay in cash ten per centum upon the amount subscribed by him, and no subscription shall be received without such payment." (Stock Corporation Law, section 67.) In so far as it contemplated the issuance of the stock before the note was paid it may also have contravened the prohibition of the statute that " no corporation shall issue either shares of stock or bonds, except for money, labor done or property actually received for the use and lawful purposes of such corporation." (Section 69.)

If the stock has been issued to the defendant before the defendant paid the note which represents his obligation under his subscription agreement, then it may well be that the directors of the corporation have committed a legal wrong, but it does not follow that such wrong would invalidate or render unenforcible the original subscription agreement. While there are some decisions in this State and in other States, having statutes similar to our own, that a note is neither " money " nor " property " within the meaning of the statute, in most of the cases where the courts have refused judgment upon a note given in payment of a subscription for stock, the refusal was based upon the ground that the subscription was not accompanied by a ten per cent payment in cash. In no case that has been cited have the courts held that the corporation may not enforce a subscription agreement, otherwise valid, merely because it was followed by a premature and possibly prohibited issue of stock. The purpose of the statute would be defeated and its provisions, intended for the protection of innocent creditors or stockholders, perverted, if a stockholder under a contractual obligation to pay for stock were permitted to free himself from this obligation upon the plea that he had received or expected to receive the stock before the

agreed price was due or paid.   A subscription agreement may provide for the payment at some future date of ninety per cent of the amount subscribed for; the statute requires a payment of only ten per cent in cash and the promise to pay the remainder may lawfully be embodied in a negotiable instrument or in any other form of contract.   That promise may be enforced according to its terms by the corporation or by any assignee of the corporation, and it does not become unenforcible because the parties may contemplate or complete a delivery of stock before full payment is made.   Otherwise a corporation could not maintain an action upon a subscription agreement after the stock was issued.   In the present case the subscription agreement was undoubtedly not enforcible at its inception by the original parties, because the defendant failed to pay to the corporation ten per cent of the amount he subscribed.   The right of the plaintiff to recover, then, depends upon the question of whether the subsequent circumstances have rendered enforcible in his hands an obligation which originally was not enforcible by the corporation, his assignor.

In the case of *Jeffery* v. *Selwyn* (220 N. Y. 77) this court held that a subscription agreement might under some circumstances be enforced, although it was not accompanied by a ten per cent payment in cash.   The circumstances in that case are widely different from those present in the case under consideration, but the decision is significant, because the court there recognized that subscriptions not accompanied by immediate cash payments have not been held actually void, and that though ordinarily not enforcible they may become enforcible not only by a subsequent cash payment but " by a course of dealing between the parties."   In the present case the defendant gave a note embodying his obligation. He must be presumed to have known that thereby he put it in the corporation's power to negotiate his promise

to pay; indeed there is evidence scarcely, if at all, qualified that he gave the corporation express authority to negotiate this particular note. When the note became due the defendant paid interest thereon, thereby recognizing his obligation, even though perhaps he did not know at that time that the note was no longer held by the corporation. The corporation was unsuccessful, and the defendant gained no financial benefit from his subscription agreement for these shares, but he never denied liability on subscription agreement or note until the corporation had gone into bankruptcy. In the meantime the corporation has been enabled to receive nine hundred dollars from the plaintiff through negotiation of the defendant's note.

These circumstances in our opinion render the note enforcible even in the hands of one who took the note with knowledge of the purpose for which it was given. In *Beach* v. *Smith* (30 N. Y. 116) this court held that a subsequent agreement to credit upon a subscription agreement moneys due for services amounting to more than ten per cent of the subscription rendered the original subscription agreement valid. In the present case the corporation has received more than ten per cent but it has not received that money directly from the defendant. Does this circumstance differentiate the cases? In *Ogdensburgh, C. & R. R. R. Co.* v. *Wooley* (3 Abb. Ct. App. Dec. 398) this court held that a corporation may enforce a subscription agreement where the subscriber made no payment at the time of the subscription, but subsequently gave promissory notes for more than ten per cent and paid the amount of these notes to a *bona fide* holder for value to whom these notes were negotiated. There the subscriber had paid the ten per cent but had not paid it direct to the corporation. In the present case the defendant has paid no moneys, but the corporation has received more than ten per cent of the defendant's subscription through the negotiation of the defendant's note. When the defendant gave that note he placed the cor-

poration in a position where it could obtain money upon the defendant's promise to pay. The plaintiff could properly rely on the corporation's apparent right to negotiate the note, and even though the plaintiff knew that the note was given in consideration of the corporation's promise to issue stock, the defendant should not be permitted to escape liability upon the note upon the plea that he did not pay ten per cent in cash. The spirit, if not the letter, of the statute is satisfied when the subscriber has given the corporation a negotiable instrument for ten per cent or more of the amount subscribed for and the corporation obtains by negotiation of that instrument the said ten per cent in cash. Especially when the subscriber fails to demand back his note and continues to recognize his obligations thereunder until the corporation goes into bankruptcy, such circumstances constitute a " course of dealing " between corporation and stockholder which renders the subscription agreement enforcible. Certainly the corporation could not after transferring the note escape its obligation to issue the stock upon the plea that no moneys were paid by the defendant at the time the subscription was made, and the defendant should likewise in good conscience not be permitted to escape his obligation upon that plea when he gave the corporation a negotiable instrument upon which it could and did raise moneys. We do not now pass upon any question of whether the corporation might hold the directors for any loss sustained through the receipt and negotiation of the note. We decide only that the note is enforcible in the hands even of one who purchased with notice.

The other grounds which are urged against the validity of the note hardly require detailed consideration.

The judgment should be affirmed, with costs.

CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; HISCOCK, Ch. J., absent.

Judgment affirmed.