**MAX KAUFMAN & CO., Inc., v. BOWERS, Collector of Internal Revenue.**

(District Court, S. D. New York. February 25, 1926.)

1. Internal revenue ⬤⇒9—Interest-bearing demand notes, received by corporation in payment for stock, held part of "invested capital in computing profits subject to taxation"; "tangible property" (Revenue Act 1918, §§ 325, 326 [Comp. St. Ann. Supp. 1919, §§ 6336⅛h, 6336⅛i]; Treasury Regulations 45, art. 833; Stock Corporation Law N. Y. §§ 67, 69 [Consol. Laws, c. 59]; Penal Law N. Y. § 664 [Consol. Laws, c. 40]).

Under Revenue Act 1918, §§ 325, 326 (Comp. St. Ann. Supp. 1919, §§ 6336⅛h, 6336⅛i), defining "tangible property" as including notes and "invested capital" and as including "actual cash value of tangible property," and Treasury Regulation 45, art. 833, providing that notes given for stock can be considered "invested capital" only if, under state law, they could have been and were actually received as absolute payment for stock, interest-bearing demand notes, given to New York corporation in good faith for stock, which served as basis for buying credit and were subsequently paid, *held* properly included as "invested capital" in computing profits subject to taxation, though under Stock Corporation Law N. Y. §§ 67, 69, and Penal Law N. Y. § 664, directors in accepting such notes may have subjected themselves to possible penalties.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Tangible Property.]

2. Internal revenue ⬤⇒9—Income and profits taxes are not paid out of capital, and need not be deducted from capital account in determining "invested capital" (Revenue Act 1918, §§ 325, 326 [Comp. St. Ann. Supp. 1919, §§ 6336⅛h, 6336⅛i]).

Under Revenue Act 1918, §§ 325, 326 (Comp. St. Ann. Supp. 1919, §§ 6336⅛h, 6336⅛i), income and profits taxes are not deemed paid out of capital, and such payments in any year need not be deducted from invested capital account for succeeding year.

At Law. Action by Max Kaufman & Co., Inc., against Frank K. Bowers, Collector of Internal Revenue of Second District of New York. On plaintiff's motion for judgment on the pleadings. Motion granted.

O'Brien, Malevinsky & Driscoll, of New York City (Joseph Walker Magrauth, of New York City, of counsel), for plaintiff.

Emory R. Buckner, U. S. Atty., of New York City (Frederic C. Bellinger and Samuel C. Coleman, Asst. U. S. Attys., both of New York City, of counsel), for defendant.

WINSLOW, District Judge. This is a motion made by the plaintiff for judgment on the pleadings. The action is brought to recover the sum of $15,176.15 paid under protest by the plaintiff as additional tax alleged to have been wrongfully assessed as income and profits taxes for the calendar year 1918 against the plaintiff and its affiliated corporation, "Hallukk Texstyle Corporation."

The question at issue is: What was the proper "invested capital" of the plaintiff and its affiliated corporation for the calendar year 1918? The additional assessment of tax laid by the government is based on the fact that a large proportion of the so-called "invested capital" of the plaintiff and its affiliated corporation was represented by interest-bearing demand promissory notes delivered to the corporations in payment for stock of the

plaintiff and its affiliated corporation. The exclusion of these notes from "invested capital" increased the amount of tax payable.

A further item is also involved. In fixing the "invested capital" of the corporations for the purpose of computing profits for the calendar year 1918, the government deducted from the "invested capital" account the amount paid by the corporations during the year on account of tax liability for the preceding year. Plaintiff contends that such amounts should not be deducted from capital, but are properly chargeable against income.

[1] The first question to be determined is whether the interest-bearing demand promissory notes held by the corporations in payment for capital stock should be included in the "invested capital" when computing profits taxes. The government excluded such notes from its computation, prorating, however, payments made from time to time on these notes, treating such payments as capital only as when made.

The Revenue Act of 1918 (Act Feb. 24, 1919, § 326 [Comp. St. Ann. Supp. 1919, § 6336⅞i]) says "invested capital" for any given year includes "actual cash value of tangible property, other than cash bona fide paid in for stock or shares, at the time of such payment," etc. Section 325 (Comp. St. Ann. Supp. § 6336⅞h) says that "the term 'tangible property' means stocks, bonds, notes," etc. If we go no further than this statute, the promissory notes in question, paid in in good faith and accepted by the affiliated corporations in payment of capital stock, would be properly included in "invested capital."

The Commissioner of Internal Revenue, however, has promulgated a rule (Treasury Regulation 45, art. 833) to the effect that such notes can be regarded as "invested capital" "only (a) if such notes or evidences of indebtedness could, under the laws of the jurisdiction in which the corporation was organized, legally be received in payment for stock; and (b) if they were actually received by the corporation as absolute and not as conditional payment in whole or in part of the stock subscription."

Section 53 (now section 67) of the Stock Corporation Law of the state of New York (Consol. Laws, c. 59) provided, among other things: "Every subscriber, whose subscription is payable in money, shall pay to the directors ten per centum upon the amount subscribed by him in cash, and no such subscription shall be received or taken without such payment. * * *" .

Section 55 of the Stock Corporation Law

of New York, in effect when the stock was issued (now section 69), provided that "no corporation shall issue either stock or bonds except for money, labor done or property actually received for the use and lawful purposes of such corporation."

Section 664 of the Penal Law of the state of New York (Consol. Laws, c. 40) makes it a misdemeanor for a director of a stock corporation to concur in any vote or act of the directors by which it is intended to "receive any note or other evidence of debt in payment of an instalment of capital stock actually called in, * * * or with intent to provide the means of making such payment."

The theory of the defendant is that the action of the corporation in accepting the notes in question violated the express provisions of the New York Stock Corporation Law, and the transaction was therefore void, and that in New York state such notes must be excluded from "invested capital."

I am of the opinion that, while the directors may have violated the provisions of the New York state law, and thereby subjected themselves to possible penalties, that fact would not make the notes void. The notes were actual assets of the corporation, and were subsequently fully paid in cash. No statute provides that such stock so issued is void in the hands of the stockholders, nor is there any provision, that I have been able to discover, to the effect that notes so received are void in the hands of the corporation. These notes were enforceable in the hands of the corporation. They were actually used as money capital, being made the basis of buying credits. The action of the directors, in one sense, is unlawful, but the securities issuing out of the transaction are not utterly void. The contract of subscription is good and valid at common law, and is still valid, notwithstanding the provisions of the section quoted from the New York Stock Corporation Law. Buffalo & Jamestown R. R. Co. v. Gifford, 87 N. Y. 294. See, also, Jeffery v. Selwyn, 115 N. E. 275, 220 N. Y. 77, at page 83, 6 A. L. R. 1111; Furlong v. Johnston, 145 N. E. 910, 239 N. Y. 141.

For the purpose of computing the profits tax, notes paid in in good faith, without fraud or collusion, should be included in the "invested capital," unless the sale of the stock is rendered absolutely void by state statute. The provisions of the state law are intended to serve an entirely different purpose from the provisions of the act of Congress. The statutes of the state surround the transaction with certain restrictions to prevent fictitious sales and to enforce full payment of sub-

scriptions. The directors and officers are personally liable if the statute is violated. Stockholders and creditors of the corporation are protected.

In order to exclude from "invested capital" the notes in question, which admittedly were given in good faith for such issue, it must be shown that the sale of stock was void and not enforceable, or that the giving of the notes was in bad faith and for the purpose of evading the provisions of the Internal Revenue Law. Neither of these conditions obtains in the instant case. I am of the opinion that, in fixing the consolidated "invested capital" of the plaintiff and its affiliated corporation, there should have been included the face value of the promissory notes of the admittedly responsible and solvent makers, given in good faith in payment of the stock of the corporations, and accepted by such corporations as valid payments.

[2] As to the second question, the department has deducted from capital account the sum of $8,190.42, being certain prorated amounts on account of payments made during the calendar year 1918 for taxes due for the calendar year 1917. This was on the theory that payments on account of income and profits taxes are payments out of capital. This is an entirely novel proposition. If there is income at all, such payments are properly payments out of current income, and are regarded as current items of expense chargeable against income, rather than against capital. See U. S. v. Yale & Towne Mfg. Co., 46 S. Ct. 131, 70 L. Ed. ——, Jan. 4, 1926.

If the contention of the department were correct, payments of taxes from time to time would result in a progressive depletion of capital. Income and profits taxes are a current annual expense. For accounting purposes, such payments are proper charges against the earnings of the year in which they become due and payable. It is immaterial whether the books are kept on a cash or an accrual basis. They are properly chargeable against income, either for the year when the tax was imposed, or against income for the year when actually paid. The sole question is whether the tax is deductible from capital.

If the mathematical computations of the parties in the instant case are correct, and as to that there seems to be no controversy, the plaintiff may have judgment against the defendant for the sum of $15,176.15.

Decree to be settled on notice.