SIDNEY K. BACKUS, as Trustee in Bankruptcy of HUTSON DESSERTS, INC., a Bankrupt, Plaintiff, *v.* ALBERT E. HUTSON, Defendant.

Supreme Court, Monroe County, March 20, 1930.

*Judson A. Parsons*, for the plaintiff.

*William B. Hanks*, for the defendant.

RODENBECK, J. This action is to recover on a promissory note given by the defendant to the bankrupt corporation, represented by the plaintiff, in payment for fifty shares of stock of the company. The only defense interposed is that the note was given in violation of the Stock Corporation Law of 1923 (§§ 67–69*), and, therefore, void. The determining section provides that shares of stock in corporations shall not be issued except " for money, labor done or property actually received for the use and lawful purposes of such corporation." In this instance the stock certificate was issued, but the note given in payment thereof was not paid. The circumstances connected with the making of the note and the issuance of the stock justify a recovery. This is not a case of a simple subscription by a third party, but one by an organizer of the corporation, and a director and president thereof. The liability upon a note given for stock which had not been issued may be enforced by a purchaser of the note with knowledge of the facts where there was a course of

---

* Section 67 was amended by Laws of 1924, chapter 441.— [REP.

dealing between the corporation and the stockholder which would render it inequitable to deny a recovery. (*Furlong* v. *Johnston*, 239 N. Y. 141.) In that case stress was laid upon the fact that the subscriber failed to demand back his note and continued to recognize his obligation thereunder until the corporation went into bankruptcy. The circumstances in that case constituted, as Judge LEHMAN said, " a ' course of dealing ' between corporation and stockholder which renders the subscription agreement enforcible." Liability was also predicated, against the maker who had been an organizer and a director and vice-president of the corporation, on a note on which ten per cent of the subscription had not been paid, where it would be a legal wrong to deny recovery. (*Jeffery* v. *Selwyn*, 220 N. Y. 77, 83.) In that case Judge POUND said: " The required statutory payment is one form of establishing the relationship, and it may be the only sufficient form, except when the stockholder has received the full benefit of the contract and a legal wrong would be accomplished if he were permitted to plead noncompliance with the statute " (p. 83). The defendant in this case, having put himself, by his own conduct, in the position of a stockholder, by issuing a certificate of stock to himself and giving his note in payment, which would enable him to reap the benefits of the stock, if the business had been successful, cannot complain, the business proving unsuccessful, if the creditors of the corporation insist upon payment of the note. This is not a case of a simple subscription, but one in which the defendant was an organizer of the corporation, a director and president thereof, signed the stock certificate to himself and had the stock issued, and continued to deal with the corporation, so that it would be inequitable to deny a liability upon his note.

The plaintiff is entitled to judgment for the amount of the note, with interest.