# GERMAN MERCANTILE COMPANY, a Corporation, v. JOHN P. WANNER.

## (142 N. W. 463.)

**Domestic corporations — action — note — capital stock — constitution — property.**

1. In an action brought by plaintiff, a domestic corporation, on a promissory note given it by defendant for 20 shares of plaintiff's capital stock, it is *held* that such a note is "property," and not included in the prohibition contained in § 138 of the Constitution, which prohibits any corporation from issuing stock except for money, labor done, or money or property actually received.

**Stock — purchaser — corporation — going concern — liability.**

2. The purchaser of stock in a corporation which has been duly organized and is a going concern is liable to the corporation for such part of the value of the stock so purchased as has not actually been paid in cash or its equivalent, and such indebtedness may be collected.

**Promissory note — stock — exchange — subscription — check — promise — payment.**

3. A promissory note given to a corporation in exchange for shares of its capital stock is, like a subscription or a check given for the same purpose, a promise to pay for such stock, and does not constitute payment therefor, nor relieve the stockholder, or the party entitled to stock, from his obligation to make actual payment as provided by § 4196, Rev. Codes of 1905.

**Note or obligation — stockholder — payment — stock.**

4. Section 4196, Rev. Codes of 1905, providing that no note or obligation given by a stockholder shall be considered as payment therefor, construed, and it is *held* that by the use of the words, "shall be considered," it is meant that when a note is given it shall not, in law, effect a payment.

Opinion filed June 6, 1913.

---

Note.—On the question of commercial paper as payment of subscription to stock, see note in 35 L.R.A.(N.S.) 80.

As to the payment of subscription to corporate stock with property, see notes in 42 L.R.A. 597 and 36 L. ed. U. S. 1111. And upon the effect of express provision by statute or charter for payment of subscription to stock in cash or money, to exclude payment in services or property, see note in 27 L.R.A.(N.S.) 315.

The question of the liability of stockholders for unpaid subscriptions is treated in a note in 3 Am. St. Rep. 806.

Appeal from an order of the District Court for Stark County, *Crawford, J.*

Affirmed.

## Statement of Facts.

The plaintiff and respondent is a domestic corporation. It brought this action upon a promissory note given to it by defendant for $200, dated November 22, 1907, due November 22, 1908, with interest. The complaint is in the usual form. Appellant's answer admits the execution of the note, denies that it was given for a valuable consideration, and alleges that he made the note on the day of its date and delivered it, and in return therefor plaintiff delivered him 20 shares of its capital stock, and the form of the certificate is set out; that this was the only consideration for the note; that he was not a subscriber to the capital stock or to any stock of plaintiff corporation; that no part of said 20 shares were shares of stock owned or held by plaintiff from its surplus profits, or which had been purchased by it from its surplus profits, and no part thereof was held, issued, or sold by plaintiff by the unanimous consent of all its stockholders in writing, or had been forfeited or sold by plaintiff for nonpayment of assessments; that the transfer of such stock to defendant, in return for said promissory note, is prohibited by the Constitution and statutes, and was unlawful and void; that on the 5th of December, 1908, he learned that the transaction was void and unlawful, and immediately tendered back to plaintiff the certificate of stock described, and demanded of plaintiff the return of the note sued upon; that plaintiff refused to accept the said certificate or to return the note; that defendant did not pay, and plaintiff did not receive, any other, further, or different consideration for said certificate of stock than the note described, and he brings into court and tenders to plaintiff said certificate of stock.

The demand pleaded is in evidence, and states that defendant had, the day of making it, learned that plaintiff had no authority to issue the stock by reason of the provisions of § 4196, Rev. Codes of 1905, and accept a note in payment thereof; and he notifies plaintiff that he rescinds such contract, and tenders back such certificate, and demands the return of the note. To this answer plaintiff interposed a general

demurrer. The demurrer was sustained by the court, and this appeal is taken from the order sustaining it.

*M. L. McBride (L. A. Simpson,* of counsel) for appellant.

The promissory note given for stock, in this case, was issued as payment for such stock. Such transaction was void. Rev. Codes 1905, § 4196; § 4195, referred to in § 4196, has no application here.

There being no legal consideration, the stock was void. Void stock is not a valid consideration for a note. Easton Nat. Bank v. American Brick & Tile Co. 70 N. J. Eq. 732, 8 L.R.A.(N.S.) 271, 64 Atl. 917; Harvey-Watts Co. v. Worcester Umbrella Co. 193 Mass. 138, 78 N. E. 886; Mass. Rev. Laws, chap. 110, § 44.

The defendant gave prompt notice of rescission, and was not guilty of laches. American Tube Works v. Boston Mach. Co. 139 Mass. 5, 29 N. E. 63.

*Heffron & Baird,* for respondent.

The contract between plaintiff and defendant is a valid and legal one, with a lawful purpose, was fully executed, and cannot be rescinded by defendant. Illinois River R. Co. v. Zimmer, 20 Ill. 654; Goodrich v. Reynolds, 31 Ill. 490, 83 Am. Dec. 240; Allen v. Shelby R. Co. 16 B. Mon. 5; Little v. Obrien, 9 Mass. 423.

The note in question is a written *promise* to pay, merely. Thomp. Corp. § 1657.

There is no inhibition in the statutes. Secs. 4193–4197.

The written *promise* to pay created a debt,—an obligation. A note is not payment—in the absence of an express agreement. 6 Words and Phrases, 5250.

The note cannot be *considered* as *payment* for stock. Rev. Codes 1905, § 4197; State Const. § 138; Pacific Trust Co. v. Dorsey, 72 Cal. 55, 12 Pac. 49, 13 Pac. 148.

The note is *property,* and was given to obtain credit, in consummation of a lawful transaction. Mitchell v. Beckman, 64 Cal. 117, 28 Pac. 110; Hacker v. National Oil Ref. Co. 73 Pa. 97, 13 Mor. Min. Rep. 538.

This transaction stands the same as a subscription to stock. Erie & W. Pl. Road Co. v. Brown, 25 Pa. 156; Philadelphia & W. C. R. Co. v. Hickman, 28 Pa. 318.

25 N. D.—31.

The defense interposed is unconscionable. Vermont C. R. Co. v. Clayes, 21 Vt. 30; Illinois River R. Co. v. Zimmer, 20 Ill. 654; Goodrich v. Reynolds, 31 Ill. 490, 83 Am. Dec. 240; Pine River Bank v. Hodsdon, 46 N. H. 114; Selma & T. R. Co. v. Rountree, 7 Ala. 670; Greenville & C. R. Co. v. Woodsides, 5 Rich. L. 145, 55 Am. Dec. 708; Little v. Obrien, 9 Mass. 423; Leighty v. Susquehana & W. Turnp. Co. 14 Serg. & R. 434; Centre & K. Turnp. Road Co. v. M'Conaby, 16 Serg. & R. 140; Boyd v. Peach Bottom R. Co. 90 Pa. 169; Wagner v. Olson, 3 N. D. 69, 54 N. W. 286; 19 Cyc. 23–25 and 26, and cases cited in notes in these pages.

The legislature has provided penalties for doing certain acts, and no others can be substituted. Rev. Codes 1905, §§ 4194–4195; Wagner v. Olson, 3 N. D. 69, 54 N. D. 286; Boyce v. California Stage Co. 35 Cal. 475, 9 Am. Neg. Cas. 66.

The object of the law is to protect the stockholders and creditors. Pine River Bank v. Hodsdon, 46 N. H. 114; Harris v. Runnels, 12 How. 79, 13 L. ed. 901.

SPALDING, Ch. J. The transaction occurred between the parties on the 22d day of November, 1907; the note became due on November 22d, 1908, and rescission was not attempted until the 5th of December, 1908; that is, not until some days after the maturity of the note, and more than one year after the transaction took place. It will thus be seen that the question for decision is whether, under the statute prohibiting the taking of notes as payment for stock, the note is void and uncollectible. It appears that the certificate of stock was issued and delivered to the defendant. It, however, did not assume to be fully paid stock. This was not an original subscription of stock issued to form the corporation. The corporation had either determined to make a new issue of stock, or the whole amount of stock authorized by the charter had not been issued. It is immaterial which was the fact. It was an additional stock issue. What is the meaning of the prohibition contained in the statute? To determine this question we briefly consider the provisions of law relating to the formation of corporations and the issuance of stock. Section 138 of the Constitution prohibits any corporation from issuing stock or bonds except for money, labor done, or money or property actually received. Section 4195, Rev. Codes of

1905, is, in part, a legislative enactment of the quoted provisions of § 138 of the Constitution, with the words, "estimated at its true money value," inserted between "property" and "actually." A note is property, hence is not included in the constitutional prohibition. Section 4196 reads: "No note or obligation given by a stockholder, whether secured by pledge or otherwise, shall be considered as payment of any part of the capital stock; but the capital stock shall be paid in, either in cash, or in the manner provided in this article."

Other provisions of the statute provide for the issuance of stock before it is fully paid for, and contain provisions relating to its forfeiture for nonpayment, and for making assessments, and fixing the liability of officers who violate such provisions. These are not material, in the present controversy, except in that they show that the legislature did not contemplate that stock must be actually paid for in full before issuance or before one may become a stockholder. We do not consider it material whether the defendant, being the purchaser of additional stock, that is, stock issued by the corporation after it was a going concern, made his relation to the corporation any different from what it would have been had he been a subscriber to stock prior to its organization. The theory of the law regarding stockholders is that each one is the owner of such proportion of the corporate assets as his stock bears to the whole stock; that the stock, when paid for, furnishes a working capital for the corporation and a protection to its creditors, and that if not actually paid for in cash or its equivalent there is an indebtedness from the holder of the stock to the corporation; and that this indebtedness may be collected. The provisions for enforcing this liability, found in the Code, to which definite reference need not be made, are all evidence of this; in fact it is so clear that discussion is unnecessary.

Stock is made liable to assessment if not paid for. The assessment is made to provide the capital necessary to conduct the business, and for the benefit of creditors, as well as to put the stockholder who has not fully paid on an equality with those who have, if there are any such. When the stock is fully paid it absolves the stockholder as such from further liability, either to the corporation or to its creditors, except in certain instances which have no bearing in the case at bar. On an original subscription for stock, and the organization of the corporation, courts uniformly hold the subscription to be for the benefit of

the corporation, and that it can be enforced by it. The subscription is a promise to pay; it is not payment. The giving of a promissory note for stock is a promise to pay therefor. It is only a promise in a different form from the promise contained in a subscription. Neither the subscription, nor a check given for stock, nor a note, constitutes actual payment until it is in fact paid. We are of the opinion that the terms of the statute prohibiting any note being considered as payment for capital stock were intended to place notes on the same footing as subscriptions and as checks which are received subject to payment. It does not work payment, so as to relieve the stockholder, or the party entitled to stock, from his obligation to actually pay. Several authorities referred to hereafter hold that it postpones the date of payment as an accommodation to him. It is possible that it may postpone the payment of assessments if called, although we are disposed to think that it cannot be construed to do the latter, and it may obviate the necessity for an assessment on such stock.

The use of the words, "shall be considered," in the prohibition providing that no note shall be considered as payment, is significant. They mean that when a note is given it shall not, in law, effect a payment; that the purchaser of the stock is subject to the enforcement of the terms of the mandatory requirements of the statute, and it may mean that, in case of necessity, his obligation to pay is not postponed by the giving of the note beyond the point where he would have to pay in case no note had been given, but he had only made a contract of subscription, and the corporation had authority to deliver the stock to him on payment. We, however, do not decide whether, in such case, an assessment would lie before the maturity of the note.

It can hardly be questioned that, had he agreed to take stock and put the contract in writing, with nothing said as to the time of payment, and the corporation had neglected to demand payment, and the defendant had failed to make payment for a year, he would be liable. Had he given a check for his stock, and the check been dishonored, he would not be absolved. No more is he relieved from liability by the fact that he gave a note which shall not be considered as payment; that is, shall not be received as actual payment. He must be treated as though he had a contract for stock which he has not paid for. We think the authorities are practically uniform to this effect. Some au-

thorities appear, at first glance, to be to the contrary, but on analysis we think most, if not all, will be found to relate to cases in which there had been no power in the corporation, by reason of lack of authority or by reason of failure to do some mandatory act or acts necessary, to enable it to issue any stock of the kind in question. It is held, in cases where the corporation had authority and power to issue the stock, that, by recognizing the corporation as such and contracting with it for the stock, or accepting the stock, the mouth of the stockholder is closed to question the validity of the issue, and that he cannot rescind in the absence of fraud, etc., but that where there is an inherent lack of power in the corporation to make the issue of stock he is not estopped.

We make reference to a few authorities on the subject, some of which are directly in point and others involve principles so nearly identical as to be authority. It will be noticed that the authorities are not entirely uniform regarding some of the elements in the cases referred to, but as we read them they are unanimous so far as it relates to the principle here involved. Some of the authorities cited intimate that when the note is taken, by agreement of the parties, as payment, it will be considered as payment. So that there may be no misunderstanding on that subject, we may indicate that, under our statute, even though the note be taken under an agreement that it shall be payment, such agreement would doubtless be invalid. The parties are incompetent, under the statute, to make an agreement that the note shall be considered payment.

In Hacker v. National Oil Ref. Co. 73 Pa. 93, 13 Mor. Min. Rep. 538, the supreme court of that state passed upon a case on all fours with the case at bar. The statute provided that no note given by a stockholder shall be payment of any part of the capital stock. Suit was brought upon a note given for additional stock in the corporation, and the court held that the note given for stock was not given without consideration, and that notwithstanding the prohibitions of the statute it was valid. The court held that the corporation had authority to accept subscriptions for such additional stock, on such terms as to time and mode of payment as might, in the exercise of their sound discretion, be regarded for the best interests of the company, and that the defendant was bound to pay the note when it became due. See also Boyd v. Peach Bottom R. Co. 90 Pa. 169, and 4 Thomp. Corp. § 3940.

In Clark v. Farrington, 11 Wis. 321, it is held that there is a distinction between cases where a corporation is required to receive a specific sum at the time of subscription and those where a corporation makes a contract for the sale of its stock after it has once acquired legal existence and capacity to act; and the opinion says that some cases hold that subscriptions taken before the organization of the corporation, in violation of such provisions, would be invalid, but that they are not so in the latter case, for the reason that, in the former, parties taking the subscriptions are simply ministerial agents, clothed with no discretion or power to act, and can only pursue the strict letter of the statute, and that in such case it may well be urged that the intention was that such payment should be in cash; that until such payment there will be no corporation in existence. That court then says that it is very doubtful whether the cases relating to the first mentioned proposition are sustained by the weight of authority.

In Blunt v. Walker, 11 Wis. 349, 78 Am. Dec. 709, it is held that the giving and receiving a promissory note in payment for stock is not an extinguishment of the original contract, unless expressly so agreed, but that thereby the payment is only suspended for the time being. To the same effect, on this last point, see Williams v. Brewster, 117 Wis. 370, 93 N. W. 479, and authorities cited, to the effect that the subscriber does not pay for his shares by merely giving his written promise to pay, unless such be the agreement and intention of the parties, and that then the question would arise as to the power of the directors to make such an agreement.

Pine River Bank v. Hodsdon, 46 N. H. 114, is a strong case, in principle like the one at bar, and a large number of authorities are cited in the opinion. It is there held that notes given for stock required by the charter of the bank to be paid for in cash are collectible; that the bank, in claiming on the notes, acts for the benefit of all parties interested in the assets of the bank, including stockholders, both under original subscriptions and by subsequent purchase, bill holders, depositors, and other creditors, and represents the interests of all these classes; and that the directors, if concerned in such cheat and crime, did not make the bank representing the interests mentioned, and charged with such duties, a party to the cheat and crime in such a way as to prevent a recovery on the notes for the benefit of the parties

whom the valid law was intended to protect. And the court remarks that by holding otherwise the general objects of the provisions of the statute requiring stock to be paid for in cash would be, not advanced, but defeated.

The supreme court of California, in Pacific Trust Co. v. Dorsey, 72 Cal. 55, 12 Pac. 49, 13 Pac. 148, in passing upon a subscription for stock paid for by a promissory note executed to the corporation, and holding that such note is void as being against public policy, passed upon a section of the Constitution similar to our statute and Constitution, reading as follows: "No corporation shall issue stock or bonds except for money paid, labor done, or property actually received." And held that if it be conceded that the certificate in that case was improperly issued in exchange for the promissory note of the subscriber before the actual payment of the money or some part of it, that that fact would not render void the subscriber's promise to pay at a subsequent time, and so release him from all liability.

In Vermont C. R. Co. v. Clayes, 21 Vt. 30, the supreme court of that state had under consideration a statute incorporating the Vermont C. R. Co. wherein it was enacted that every person at the time of subscribing shall pay to the commissioners $5 on each share for which he shall subscribe, and each subscriber shall be a member of said company. The defendant subscribed for 50 shares, but instead of paying the commissioners in money, $5 for each share, at the time of subscribing, he gave them his promissory note for that amount. The note was payable to the commissioners and turned over to the corporation upon its organization. It was held that the note was given upon sufficient consideration and was a valid note in the hands of the corporation; that the fact that a note was given could not have the effect to give the defendant the right to repudiate his contract or render it void for want of consideration; and that the corporation, having accepted the note, could not deny to the defendant the rights and privileges of a corporator. It is true, in that case, the note was treated as though it were payment, but certainly if it was not void as payment a note cannot be void, under our statute, when not received as payment. To the same effect, see Selma & T. R. Co. v. Rountree, 7 Ala. 670.

In Little v. Obrien, 9 Mass. 423, the Massachusetts court held that an individual stockholder who had given his notes to a corporation in

payment for stock when the law required its stock to be invested in certain specified funds, excluding the notes of stockholders, could not avail himself of the misconduct of the company to avoid the payment of his note so given; and that it was given on a sufficient consideration.

In Goodrich v. Reynolds, 31 Ill. 490, 83 Am. Dec. 240, it was held that where the charter of a railroad company required each subscriber to pay 10 per cent at the time of his subscription, and where the subscriber was allowed to give a note for the gross amount of the calls which his stock was liable to, it was an indulgence to the subscriber to thus extend the time of payment to him, of which he could not complain, however much other paying subscribers might complain; that this indulgence was a most ungracious defense which should not be allowed unless strictly required by some inflexible rule of law. To the same effect, see Illinois River R. Co. v. Zimmer, 20 Ill. 654.

It is held in Wight v. Shelby R. Co. 16 B. Mon. 4, 63 Am. Dec. 522, that where it was the duty of the subscriber for capital stock to pay at the time the subscription was made, that he could not exonerate himself from liability because he had been allowed to take advantage of his own wrong by not paying at that time.

The rule announced in Cyc. is that the acceptance of a certificate of stock issued to the person who accepts it implies a promise that he will pay for the shares, and that thereby the party stands liable to pay assessments, although he has not yet made any express promise so to do. 10 Cyc. 381. It was held in Harvey-Watts Co. v. Worcester Umbrella Co. 193 Mass. 138, 78 N. E. 886, that the giving of a note for stock is not payment therefor.

In American Tube Works v. Boston Mach. Co. 139 Mass. 11, 29 N. E. 63, the distinction between cases where a rescission may be made by the stockholder and one where he may not rescind is shown, and it is held that he is not bound by any estoppel, and can rescind, and has a right to be restored to his original position when the issuance of the shares is originally illegal so that the company had no power to issue shares at all, but that where there has been a legal creation of the capital stock of the corporation, he may be a shareholder by estoppel. In that case the corporation had issued stock which was, at the time, supposed by both parties to be valid, but which was invalid because the preliminary steps necessary to a valid issue of the class of stock of which that

in suit formed a part had not been taken. The corporation had no right to make an issue of stock. This case is not an authority for the defendant, but is rather an authority against him. See 10 Cyc. 373.

Reviewing the situation, we may add that it would be highly inequitable and unjust, under the circumstances of this case, to permit the defendant to escape the payment of his obligation. It is not disclosed by the pleadings what he has done during the year in which he has been a stockholder in the plaintiff corporation. Whatever the facts may be, he had the opportunity to act as a stockholder during all that time, to vote his stock, to participate as a stockholder in the management of the affairs of the corporation, to receive the benefits to be derived as a stockholder; the corporation had the opportunity to hold him out to the world as a stockholder. He could inspect its books, and familiarize himself with its business transactions; and after having derived all these benefits, or having had the opportunity to do so, it would be unjust to permit him to escape the liability which he voluntarily assumed, even though he assumed it, as he contends, in ignorance of the law governing the purchase and sale of corporate stocks. He was just as much charged with knowledge of the law on the subject as were the officers and directors of the corporation. Authorities are in conflict as to the presumption in case a note is taken; some holding that the presumption is that it was taken in payment of an obligation, and others that it is taken subject to payment, and is not payment unless in fact paid. The language of § 4196, to which reference has been made, seems to us clearly to be intended simply to settle this question as to notes given for capital stock in a corporation, and such language was doubtless used in view of such conflict of authorities, and to settle the question in this jurisdiction on this subject.

The order of the District Court sustaining the demurrer to the answer interposed by the defendant is affirmed.