## THEUNISSEN v. CONTINENTAL TRUST CO.

(Court of Appeals of District of Columbia. Submitted October 13, 1926. Decided November 1, 1926.)

No. 4446.

**1. Bills and notes ⬤⟾375.**

Note delivered to bank as renewal for residue of former note given for corporate stock in Delaware in violation of law *held* enforceable in hands of holder in due course.

**2. Corporations ⬤⟾92.**

Promissory note given for corporate stock in violation of law is not void as against corporation.

In Error to the Municipal Court of the District of Columbia.

Suit by the Continental Trust Company against L. Theunissen. Judgment for plaintiff, and defendant brings error. Affirmed.

W. J. Lambert, R. H. Yeatman, and A. M. Schwartz, all of Washington, D. C., for plaintiff in error.

C. A. Douglas and E. D. Campbell, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The Continental Trust Company sued L. Theunissen in the lower court upon a promissory note signed by him, payable in the sum of $1,000 to the Guaranty Savings Bank, and by it assigned to the plaintiff. The note was payable upon demand, and dishonor was duly alleged. The defendant filed a plea, to which the plaintiff demurred. The court sustained the demurrer, and entered judgment upon the note for the plaintiff. The case is here for review upon the facts admitted by the demurrer, together with others stipulated into the record by counsel.

It appears that defendant subscribed for certain shares of corporate stock of the United Theatres Corporation, a corporation organized under the laws of the state of Delaware; that under the Constitution and laws of Delaware no corporation shall issue stock, except for money paid, labor done, or personal property or real estate or leases thereof actually acquired by such corporation; that nevertheless the defendant, in alleged violation of this provision, was permitted to pay for the shares issued to him by the delivery of his own promissory notes, payable to the corporation; that one of these notes was made payable to the corporation in the sum of $2,000, and this note was assigned and transferred by the corporation to the Guaranty Savings Bank, for value, and before maturity; that the bank had full knowledge of the purpose for which the note was given, but represented to the defendant that it was a bona fide holder thereof, in good faith and for value; that defendant, relying upon these representations, curtailed the note by payments to the bank, and afterwards delivered to the bank his promissory note for the balance then due upon it, to wit, the sum of $1,000; that this latter note was afterwards assigned by the bank to the plaintiff for value, and is the note now sued upon in this case. It appears, also, that the shares of stock issued to defendant by the United Theatres Corporation are worthless, and the corporation is not doing business, and that defendant, therefore, cannot return the shares to it, although willing to do so.

[1, 2] Upon these facts we think the judgment of the lower court against the defendant was right. If it be conceded that the United Theatres Corporation violated the laws of Delaware when it issued the shares of stock to defendant for his promissory note, nevertheless the note would be enforceable against the maker at the suit of the corporation, for the provision in question is intended for the protection of the corporation, its creditors, and other stockholders, and not for the relief of the offending stockholder. It was accordingly said by the Chancellor in Cahall, Receiver, v. Lofland, 12 Del. Ch. 299, 114 A. 224: "A promissory note given for stock is not void as against the corporation, and it may en-

force payment of the note." Moreover, after the transfer of this note to the Guaranty Savings Bank by the United Theatres Corporation, the defendant curtailed the same, and renewed the residue by delivering the present negotiable note to the bank, and this note was afterwards indorsed by the bank to the plaintiff for value, and there is no charge of fraud or actual knowledge of any infirmity made against the plaintiff. The note, therefore, was clearly enforceable. Ramsay v. Crevlin, 254 F. 813, 166 C. C. A. 259; Continental National Bank v. Greene, 200 Iowa, 568, 203 N. W. 9; German Mercantile Co. v. Wanner, 25 N. D. 479, 142 N. W. 463, 52 L. R. A. (N. S.) 453; Furlong v. Johnston, 239 N. Y. 141, 145 N. E. 910.

The judgment of the municipal court is accordingly affirmed, with costs.