## Bell, Secretary of Banking, *v.* Aubel, Appellant.

Argued December 8, 1942.

Before KELLER, P. J., BALDRIGE, RHODES, HIRT and KENWORTHY, JJ.

*Edward P. Loughran,* for appellant.

*Raymond J. MacNeille,* with him *John W. Lord, Jr.,* Special Deputy Attorney General *Orville Brown,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY RHODES, J., February 26, 1943:

The Secretary of Banking, Receiver of the Northern Central Trust Company, brought this action in assumpsit on a promissory note which had been executed and delivered to the trust company by defendant, and which was dated September 10, 1931.[1]

The affidavit of defense averred (1) that there was a want of consideration, and (2) that the note was a renewal of a note given to the trust company in full payment of 100 shares of its stock, which were held by the trust company as collateral for said loan, and that the transaction was thus unlawful. The jury found for defendant. The court below refused plaintiff's motion for judgment n.o.v., but granted his motion for new trial as it was of the opinion that the verdict was against the evidence and the charge of the court. Defendant has appealed.

There is no transcript of the testimony. After the court en banc granted a new trial the parties entered into a stipulation wherein they agreed, inter alia, that the following facts were established at the trial: The

---

[1] Payments were received on account of this note and endorsed as follows:

| "Date | Pay't | Balance |
|-------|-------|---------|
| "1-9-34 | $215.00 | $1,495.00 |
| "12-1-37 | 1.00 | 1,494.00" |

note was executed and delivered by defendant to the trust company in renewal of his note given for the full purchase price of the shares; the stock was held by the trust company as collateral security for the note; three months prior to the receivership the trust company forwarded to defendant, without his request, the stock which was then worthless; defendant never returned the stock. There was no evidence that the stock was or was not an original issue. The parties further stipulated that the entire controversy may be ended by an interpretation of article 16, §7, of the Constitution of the Commonwealth of Pennsylvania and the Act of June 14, 1901, P. L. 561, §2, 7 PS §132.

Article 16, §7, of our Constitution provides in part: "No corporation shall issue stocks or bonds except for money, labor done, or money or property actually received; and all fictitious increase of stock or indebtedness shall be void." This section is not self-executing (*Yetter et al. v. Delaware Valley Railroad Co.*, 206 Pa. 485, 488, 56 A. 57), and the enforcement of the constitutional prohibition must be pursuant to and in accordance with the statutory provisions implementing it. *Bradford County Telephone Co. et al. v. Young et al.*, 329 Pa. 433, 198 A. 96. One of the implementing statutes is the Act of April 29, 1874, P. L. 73, §§17, 18, amended by the Act of April 17, 1876, P. L. 30, §4, 15 PS §§131, 262.[2] Section 17, 15 PS §131, contains, for present purposes, the same provision as the Constitution. Section 18, 15 PS §262, provides that an increase in capital stock or indebtedness "shall only be made for money, labor done, or money or property actually

---

[2] The Banking Act of May 15, 1933, P. L. 624, §403, 7 PS §819—403, was enacted after this transaction. That act, by section 1602, repeals the Acts of 1874 and 1876 in so far as they relate to incorporated institutions.

received." Section 12 of the Act of 1874,[3] 15 PS §134, provides in part: "No note or obligation given by a stockholder, whether secured by pledge or otherwise, shall be considered as a payment of any part of the capital stock."

Defendant seeks a construction of the constitutional and statutory provisions which would seem to penalize the depositors and creditors of the trust company, which is in receivership, because of a noncompliance with those provisions by him and the company's officers, and thus by invalidating his note which is among the assets of the company give him the benefit of such conduct. We cannot agree that such a result was intended by our Constitution or the statutes in this state. Rather, we conclude that it is not for defendant, who has received the benefit of the transaction, to complain of the departure from those provisions and assert the invalidity of his own obligation. A tenet of construction which would produce the result which defendant wants will be rejected unless the circumstances are exceptional.

Defendant asks, in effect, for an alleged constitutional right—to invalidate his own obligation, which is incompatible at least with a moral duty—to fulfill his promise to pay. Constitutional rights cannot readily be divorced from ethical standards. But there is also another concept of defendant's act; as expressed in *Bangor Trust Co. v. Christine*, 297 Pa. 64, 67, 146 A. 545, by Mr. Justice (later Chief Justice) SCHAFFER, any one who lends himself to acts the effect of which is to lessen the stability of a bank or trust company must abide the consequences of what he does.

Under the admitted facts defendant cannot set up that he received no consideration for his note.

---

[3] The last amendment to this section is the Act of May 25, 1931, P. L. 189, No. 115, §1, 15 PS §134.

We do not believe that it is material to our conclusion whether the stock in question was originally issued to defendant or whether it was sold to him by the trust company as after-acquired stock. Admittedly, the trust company sold its own stock to defendant. Although it does not appear when the stock was first issued, the date of issue could have no bearing on defendant's liability for the payment of his note.

The present case is to be distinguished from *Young, Adm'r, v. Bradford County Telephone Co.,* 341 Pa. 394, 19 A. 2d 134, where it was held that if the notes of the company were issued without consideration "actually received" by the company, they were void under article 16, §7, of the Constitution and the Public Service Law of 1913 then in force; the company, under the facts, was not estopped from asserting their invalidity.

We have held that notes given for the issue of shares of stock of a corporation are not rendered void by article 16, §7, of the Constitution *(Grange National Bank of McKean County v. Collman,* 103 Pa. Superior Ct. 235, 239, 240, affirmed on another ground 306 Pa. 200), and the implementing statutes do not so declare. Section 12 of the Act of 1874, 15 PS §134, merely means that a note shall not in law affect payment for capital stock, but it gives no relief from an obligation to pay. *Hacker v. National Oil Refining Co.,* 73 Pa. 93, 97.

We agree with those courts which have construed similar constitutional provisions as not affording a shield for a stockholder who has not paid for his stock, and as not framed for his benefit. Such provisions are directed against the acquisition of stock except upon lawful payment, and thus protect the corporation and its creditors, and give integrity to the corporation's capital. They emphasize the stockholders obligation to make full and lawful payment in accord with its mandate. But it is not within their purpose to furnish

him with a defense when he has failed in that obligation.[4]

In other states with similar constitutional provisions it is generally held that a promissory note is not considered as money or property with which payment of stock may be made.[5] See section 12 of our Act of 1874, supra, 15 PS §134. But in interpreting such constitutional provisions, the rule is stated that a note given in payment for stock may be enforced against the stockholder since the provision is not for the benefit of the stockholder who has not paid value. Thompson on Corporations, 1931 Supp. to 3d Ed., §3954, p. 629; 11 Fletcher Cyc. Corp., Per. Ed., Ch. 58, §§ 5195, 5196. See, also, 18 C.J.S., Corporations, §309 b, pp. 798, 799.

In *Theunissen v. Continental Trust Co.*, 15 F. 2d 894, the Court of Appeals of the District of Columbia, in interpreting a similar constitutional provision of the State of Delaware,[6] said: "If it be conceded that the United Theatres Corporation violated the laws of Delaware when it issued the shares of stock to defendant for his promissory note, nevertheless the note would be enforceable against the maker at the suit of the corporation, for the provision in question is intended for

---

[4] For a similar declaration of purpose, see *Joy v. Godchaux*, 8 Cir., 35 F. 2d 649, 652, certiorari denied 281 U. S. 723, 50 S. Ct. 239, 74 L. Ed. 1141; *Washer v. Smyer et al.*, 109 Texas 398, 211 S. W. 985, 990; *Sohland v. Baker*, 15 Del. Ch. 431, 141 A. 277, 286; *Wray v. Citizens' National Bank of Dublin*, Texas Com. App., 288 S. W. 171, 174; cases cited in *German Mercantile Co. v. Wanner*, 25 N. D. 479, 142 N. W. 463, 466, 467. Contra: *Bank of Dermott v. Measel*, 172 Arkansas 193, 287 S. W. 1017. See, also, *Southwestern Tank Co. v. Morrow*, 115 Okla. 97, 241 P. 1097; *Merchants Bank & Trust Co. v. Walker (Miss.)*, 6 So. 2d 107; *Terrell v. Warten*, 206 Ala. 90, 89 So. 297.

[5] *Cahall v. Lofland et al.*, 12 Del. Ch. 299, 114 A. 224, 233; *Washer v. Smyer et al.*, 109 Texas 398, 211 S. W. 985; *Teehan v. United States*, 25 F. 2d 884. Contra and holding that a promissory note is property within the meaning of such a provision: *Meholin*

the protection of the corporation, its creditors, and other stockholders, and not for the relief of the offending stockholder. It was accordingly said by the Chancellor in *Cahall, Receiver, v. Lofland,* 12 Del. Ch. 299, 114 A. 224 [at page 233]: 'A promissory note given for stock is not void as against the corporation, and it may enforce payment of the note.' " [7]

The Supreme Court of California, in *Pacific Trust Co. v. Dorsey,* 72 Cal. 55, 12 P. 49, 13 P. 148, in interpreting their constitutional provision, held the subscriber to the capital stock of a bank liable on his promissory note in payment of a first assessment, the certificate for the stock being issued thereon. The Constitution of California, article 12, §11, provided: "No corporation shall issue stock or bonds, except for money paid, labor done, or property actually received, and all fictitious increase of stock or indebtedness shall be void."

---

*v. Carlson,* 17 Idaho 742, 107 P. 755; *German Mercantile Co. v. Wanner,* 25 N. D. 479, 142 N. W. 463; *Schiller Piano Co. v. Hyde,* 39 S. D. 74, 162 N. W. 937.

[6] "No corporation shall issue stock, except for money paid, labor done or personal property, or real estate or leases thereof actually acquired by such corporation": Article 9, §3, Delaware Constitution of 1897.

[7] In *Baker v. Bankers' Mortgage Co. et al.,* 15 Del. Ch. 183, 133 A. 698, it was held that the corporation which received in payment for its stock the worthless note of another corporation secured by collateral of doubtful value was entitled to the cancellation of the stock so issued. In *Sohland v. Baker,* 15 Del. Ch. 431, 141 A. 277, in a suit by a stockholder to cancel certain corporate stock on behalf of the corporation it was held that a promissory note of a subscriber for stock secured by collateral which had no cash value was not sufficient consideration for the issuance of stock, and it did not constitute property actually acquired within the meaning of the Constitution of Delaware, and that the stock could be canceled on suit of the stockholder on behalf of the corporation. Cf. *Young, Adm'r, v. Bradford County Telephone Co.,* 341 Pa. 394, 19 A. 2d 134.

In *Furlong v. Johnston,* 209 App. Div. 198, 204 N.Y.S. 710, affirmed 239 N. Y. 141, 145 N. E. 910, it was held that a note given in payment of a stock subscription was enforceable in the hands of one who took with knowledge of the purpose for which it was given. Section 69 of the New York Stock Corporation Law was similar to article 16, §7, of our Constitution.

In *Boldt v. Motor Securities Co.,* 74 Colo. 55, 218 P. 743, the Supreme Court of Colorado held that article 15, §9, of the Constitution of Colorado, similar to article 16, §7, of our Constitution, was not available as a defense in an action by the corporation on a note given for the payment of stock.

The Constitution of Texas, article 12, §6,[8] is for the purposes of this case, identical with our Constitution. In *Joy v. Godchaux,* 35 F. 2d 649, certiorari denied 281 U. S. 723, 50 S. Ct. 239, 74 L. Ed. 1141, the Circuit Court of Appeals of the Eighth Circuit reviewed extensively the decisions under the Constitution of Texas, and held, following the Texas decisions, that in an action brought by a receiver, as here, the maker of promissory notes given for the purchase of capital stock of a corporation could not successfully allege and assert the constitutional provision as a defense. The court also commented as follows (35 F. 2d 649, at page 651):
" . . . . . . the affairs of the corporation are in the hands of a receiver who represents, not only the stockholders, but the creditors, and the rights of creditors have now intervened and have an important bearing on the case."

In *Thompson et al. v. First State Bank of Amarillo,* 109 Texas 419, 211 S. W. 977, the Supreme Court of Texas held that a subscriber to capital stock of a bank, who gave his promissory note therefor in violation of

---

[8] "No corporation shall issue stock or bonds except for money paid, labor done or property actually received, and all fictitious increase of stock or indebtedness shall be void."

the Constitution of Texas, could not assert the invalidity of the transaction in a suit to enforce the note for the benefit of creditors. It is there said (211 S. W. 977, at page 978) : "It makes a travesty of the Constitution to permit it in such a case to be turned into a shield for the protection of the delinquent stockholders." Accord: *Dilzell Engineering & Construction Co., Ltd., v. Lehmann et al.,* 120 La. 273, 45 So. 138.

In all of these cases it is clear that the defendant could not have escaped payment without more sufficient cause than he has presented in the present case. These authorities, and many more, give cumulative support to our conclusion, and those to the contrary are not impressive, nor are they, as we view them, in harmony with a reasonable interpretation or the practical objectives of our constitutional and statutory provisions.

Defendant finally contends that plaintiff cannot recover on his note because the trust company held its own stock as collateral security for its payment, although before suit the stock was delivered to defendant and has been retained by him. Defendant relies on the Act of June 14, 1901, P. L. 561, §2, 7 PS §132,[9] which provides in part: "No corporation under this act shall take as security for any loan or discount, a lien on any part of its capital stock ......" There is no force in this argument. If the statute has any application it certainly does not invalidate defendant's promissory note as a subsisting obligation. *Richards v. Integrity Trust Co.,* 317 Pa. 513, 517, 177 A. 28, is sufficient authority. See, also, *Short v. Allegheny Trust*

---

[9] The Act of 1901, §2, 7 PS §132, is identical in wording and phraseology with the Act of May 13, 1876, P. L. 161, §23. The Banking Act of May 15, 1933, P. L. 624, §1602, repeals the Act of 1901, but practically the same provision appears in section 1011 of the Act of 1933, as amended by the Act of July 29, 1941, P. L. 586, §1, 7 PS §819—1011.

*Co.,* 330 Pa. 55, 61, 198 A. 793; *Thompson et al. v. St. Nicholas National Bank,* 146 U. S. 240, 251, 13 S. Ct. 66, 36 L. Ed. 956; *Scott v. Deweese,* 181 U. S. 202, 21 S. Ct. 585, 45 L. Ed. 822.

We are prevented from entering judgment in plaintiff's favor because no appeal was taken by him from the refusal of the court below to enter judgment n.o.v. in his favor. Upon the retrial plaintiff should receive a verdict by direction of the court, unless facts not previously developed be presented to the contrary. See *Harr, Secretary of Banking, v. Fairmount Foundry, Inc.,* 331 Pa. 59, 64, 200 A. 46.

The order of the court below granting plaintiff's motion for a new trial is affirmed.