**Walter M. GRAFTON**

v.

**Henry A. MASTELLER, James J. McGinnis, Albert J. Bader, Earl D. Sticklen, John A. Driscoll, James F. McGowen, Thomas L. McNee & General Industries, Inc., Appellants.**

No. 11754.

United States Court of Appeals
Third Circuit.

Argued Feb. 21, 1956.

Decided April 25, 1956.

**774**

Walter Biddle Saul, Philadelphia, Pa. (Richard M. Saul, Philadelphia, Pa., on the brief), for appellants.

Thomas D. McBride, Philadelphia, Pa. (William N. J. McGinniss, Ardmore, Pa., Louis Lipschitz, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This is an equitable proceeding in which the district court has decreed that plaintiff Grafton is entitled to fifty shares of the capital stock of General Industries, Inc., a Pennsylvania business corporation. The three men, Masteller, McGinnis and Bader, who were associated with Grafton in the initiation of this business venture and its incorporation, have been joined with the corporation itself as defendants. Diversity of citizenship is the basis of federal jurisdiction.

The course of relevant events as indicated by the evidence and found by the district court was substantially as follows. It was the business purpose of the new venture to supply other enterprises with special or supplementary engineering services, as needed from time to time. Grafton had some knowledge and experience in this field, while his associates, two lawyers and an accountant, did not. The defendant corporation was organized with the intention that Grafton and his three associates should each become owner of one-fourth of the original issue of capital stock. It was understood that Grafton should render, as he did, full time services in getting the business started, and that these services and the sum of $2500.00, thereafter to be paid out of his share of the profits as earned, should constitute the consideration of his stock.

Pursuant to this understanding the board of directors actually voted one-fourth of the capital stock, 50 shares with par value of $50.00 each, to Grafton, and caused a proper stock certificate to be executed and issued. But pursuant to the agreement of all concerned, Grafton's stock certificate and his demand note for $2500.00, together with his signed, but otherwise blank, assignment of that stock were delivered to the secretary of the corporation to hold until the stipulated $2500.00 should be earned and transferred to capital. Later, the individual defendants, themselves constituting a majority of the board of directors, voted to oust Grafton from all participation in the enterprise, and to forfeit his stock for nonpayment of the agreed $2500.00, even though the enterprise had not yet yielded any profits.

These circumstances led the district court to conclude that Grafton had established his claim of original and persisting ownership of the stock in question and his right to share in accrued earnings. The defendants appealed.

As to the attempted and purported forfeiture of Grafton's stock for non-payment of the $2500.00 on demand, we agree with the district court that "no more need be said about this than that the proceeding by which the defendants deprived the plaintiff of his stock was in entire disregard of the provisions of the statutes of Pennsylvania and of their agreement with him." For the evidence fully warranted the conclusion that the call on Grafton's stock was accelerated in derogation of the terms under which the stock was issued. In addition, the purported forfeiture was accomplished in total disregard of the procedure prescribed and made mandatory in such cases by Section 605 of the Pennsylvania Business Corporation Code, 15 P.S. § 2852–605:

> "When any shareholder fails to pay any call upon his shares properly made by the directors, at the time when such payment is due, the directors may proceed to collect the amount due in the same manner as any debt due the corporation, or they may sell, at public sale, such part of the shares of the delinquent shareholder as will pay all or any part of the installments then due from him, * * * and transfer the shares so sold to the purchaser, * * *. If no bidder can be had to pay the amount due on the shares, or if the amount is not collected by an action at law * * * the shares shall be forfeited to the corporation. * * * "

We come now to the appellants' principal contention. As already pointed out, stock was issued to Grafton in consideration of services and a contractual undertaking that the par value of the stock should subsequently be paid into capital out of the share of future corporate earnings allocable to that stock. It is argued that such an arrangement for deferred payment is so contrary to the law and public policy of Pennsylvania that the claimant of stock ownership thereunder should not be accorded the assistance of equity in enforcing his claim against the corporation which has attempted to repudiate it.

This argument is based on Section 7 of Article 16 of the Constitution of Pennsylvania which provides as follows: "No corporation shall issue stocks or bonds except for money, labor done, or money or property actually received; and all fictitious increase of stock or indebtedness shall be void." However, the Pennsylvania cases are agreed that this constitutional provision, standing alone, does not cause the issuance of stock without prepayment to be void. Rather, it is necessary that the legislature shall implement the constitutionally stated policy by a statute declaring the nature and extent of any infirmity which attaches to stock so issued, and what may be done about it. Yetter v. Delaware Valley Railroad Co., 1903, 206 Pa. 485, 56 A. 57; Grange Nat. Bank v. Collman, 1932, 306 Pa. 201, 159 A. 26; Bradford County Telephone Co. v. Young, 1938, 329 Pa. 433, 198 A. 96; In re Dissolution of New Oxford Shoe Co., 1942, 45 Pa.Dist. & Co. R. 53. But as the parties here recognize, there is now [1] no Pennsylvania statute which covers the present situation. There is nothing in the Pennsylvania statutes which prohibits Grafton from becoming a stockholder of the defendant corporation upon the issuance of stock in his name, with the certificate retained by the secretary of the corporation until payment for the stock shall be completed out of the earnings allocated to it.

1. Since the effective date of the Business Corporation Law of 1933, which repealed section 17 of the Act of April 29, 1874, P.L. 73 as amended by the Act of April 17, 1876, P.L. 30, 15 P.S. § 131, there has been no statute implementing section 7 of Article XVI of the Constitution of Pennsylvania with relation to issuance of stock without full prepayment.

Moreover, it is noteworthy that this case involves no flouting of the basic policy underlying Pennsylvania's stricture against issuance of stock without prepayment. The Supreme Court of Pennsylvania has stated that policy in these terms:

"* * * The primary object of the constitutional provision was to prevent the jeopardizing of the corporate property and to stop frauds upon stockholders and innocent purchasers, by the issuance of securities not fairly representing money or property received by the corporation, and consistent with this purpose, all that is required is that transactions involving the disposition of corporate securities must be bona fide, and not a mere device to evade the law and impose a greater obligation upon the corporation than there is any occasion for it to assume, in order to obtain the consideration received therefor." Houghten v. Restland Memorial Park, 1942, 343 Pa. 625, 633, 23 A.2d 497, 501-2; See also Bell v. Aubel, 1943, 151 Pa.Super. 569, 573, 30 A.2d 617, 619.

The arrangement of having the secretary of the corporation hold Grafton's stock, blank assignment and note until the stock should be fully paid, respected the stated policy, for it served to minimize any risk of injury to outsiders through misapprehension as to the capital structure or resources of the corporation.

Moreover, the decree of the district court provides for immediate payment of the full par value of the stock to the corporation out of the portion of actual corporate earnings found to be allocable to Grafton's stock, and it is not disputed that earnings have been more than sufficient to permit such payment. Indeed, a year after the purported forfeiture of Grafton's stock the corporation reported earnings of $40,000 and declared a dividend of $10,000.

Finally, we have noted that appellants rely heavily upon Gearhart v. Standard Steel Car Co., 1909, 223 Pa. 385, 72 A. 699, as establishing a rule of Pennsylvania law which supports their contention. But that is a case of judicial refusal to enforce a "vague, uncertain, shifting" agreement concerning a stock acquisition which never culminated in any corporate vote to issue the stock, or even in any undertaking by the prospective stockholder to make payment for the stock he desired. Such a situation is on its face much too far removed from the case at bar to afford us any useful guidance.

We are satisfied that the district court has acted in accordance with the principles of equity, and at the same time has respected the requirements of the Constitution and statutes of Pennsylvania.

The judgment will be affirmed.