Sam HATCHER, Appellant,

v.

**JACK MILLER MILLING CORPORATION et al., Appellees.**

**No. 8149.**

Court of Civil Appeals of Texas, Texarkana.

Sept. 25, 1973.

Rehearing Denied Oct. 30, 1973.

Charles M. Bleil, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Joe Lovelace, Lovelace & Thompson, Inc., Linden, for appellees.

RAY, Justice.

This suit was one for recovery upon three separate promissory notes, each executed by appellant (defendant) Sam Hatcher, and payable, respectively, to appellees (plaintiffs) Jack Miller Milling Corporation, A. & J. Investment Corporation, and Piney Woods Hatchery Corporation to purchase stock in each of the corporations. Most of the facts were stipulated by the parties and trial was had before the court without a jury. The trial court entered judgment in favor of appellees against appellant Sam Hatcher upon each of the promissory notes.

Appellant has perfected his appeal to this court and submits one point of error. The single point of error urged by appellant is that "The District Court erred in entering judgment for appellees in that each of the promissory notes upon which their respective causes of action were based was void for the reason that it was given for the unpaid balance of the purchase price of shares of common stock of the respective appellees."

We find no merit in appellant's contention. The Constitution of the State of Texas, Art. 12, Sec. 6, Vernon's Ann.St., contains the following provision:

"No corporation shall issue stock or bonds except for money paid, labor done or property actually received, and all fictitious increase of stock or indebtedness shall be void."

The Texas Business Corporation Act, Art. 2.16(B), V.A.T.S., provides: "Neither promissory notes nor the promise of future services shall constitute payment or part payment for shares of a corporation."

Appellant Hatcher had an agreement (plaintiff's exhibit No. 4) with appellees concerning the purchase of stock from each of the corporations which provided in Sec. 3, page 4 of the agreement the following:

"Said stock will be issued and delivered by seller to purchaser only as and when paid for, and purchaser hereby grants to sellers a lien on any and all stock issued and delivered to him by sellers, and described in this agreement, to secure the unpaid balance of the purchase price thereof, as evidenced by the unpaid balance of said promissory note."

The testimony in this case reveals that no shares of stock in any of the corporations were issued until the cash was received.

We hold that the notes given by appellant, Sam Hatcher, to appellees in payment of shares of the three corporations are not void. Cahall v. Lofland, 12 Del.Ch. 299, 114 A. 224 (1921); Don Johnston Drilling Co. v. Howard, 347 P.2d 640, 78 A.L.R.2d 824 (Okla.Sup.Ct.1959); German Mercantile Co. v. Wanner, 25 N.D. 479, 142 N.W. 463 (No.Dakota Sup.Ct.1913).

In Cahall v. Lofland, supra, shares were issued as fully paid and nonassessable in return for promissory notes. It was held

that shares may not be issued in consideration of notes, but notes given in payment of shares are not void as against the corporation.

In Don Johnston Drilling Co. v. Howard, supra, the Oklahoma Supreme Court held valid a transaction by which employee subscribers gave the corporation promissory notes for the price of the shares, since the certificates were not to be issued and the employees were to have no rights as shareholders until full payment of the debt. This case involved a constitutional provision similar to the Texas Constitutional provision.

In German Mercantile Co. v. Wanner, supra, a corporation brought an action upon a promissory note given in payment of shares. The defendant refused to pay the note on the grounds that a statute provided that notes were not to be considered as payment for shares. It was held that the statute did not prevent the corporation from taking the note for its shares, nor did it relieve the defendant from the obligation to pay for the shares.

In McCarty v. Langdeau, 337 S.W.2d 407 (Tex.Civ.App. Austin 1960, writ ref'd, n. r. e.), the court held that in a contract between the plaintiff insurance company and the defendant, whereby the defendant was to purchase stock and was to pay $20.-00 in cash as down payment on the stock, and the balance of $387,380.00 was to be paid by the defendant in equal monthly installments, not exceeding thirty, and the company was to have the right to retain the certificate evidencing the stock until the stock was paid for in full by the defendant did not violate that section of the Constitution providing that no corporation shall issue stock or bonds except for money paid, labor done or property actually received. See also, 4 Baylor Law Review 470, 477, "Safeguarding the Claims of Creditors" by Prof. E. W. Bailey.

It is clear in the present case that no stock was to be issued until cash payment had been made on the notes. When appellant made his payments pursuant to the terms of the agreement, he would receive the number of shares for which he had paid, subject to a lien on those shares to secure the payment of the remaining balance on the particular note in which those shares were described. There is no question but that appellant could have tendered the balance due on each note and received the shares for which he had bargained. The appellant corporations were likewise entitled to have the notes paid, at which time they would issue the stock. Our construction of Art. 2.16(B) of the Texas Business Corporation Act does not prohibit and does not make unenforceable promissory notes executed for the purchase of shares of common stock. However, the promissory note cannot constitute *payment* or part payment for the shares of a corporation, for such is prohibited by both the Texas Constitution and the Texas Business Corporation Act. The share certificate may not be issued to the purchaser until full payment is made in cash. In the present case, no attempt was made to issue the shares until the note payments had been made in cash. The contractual agreement between the parties was therefore valid and the notes enforceable because neither was in contravention of the applicable Constitutional provision or Business Corporation statute. Appellant's point of error is overruled and the judgment of the trial court is affirmed.